HOMEFIELD ASSOCIATION OF YONKERS, N. Y., INC., et al., Respondents-Appellants, v. CURTISS E. FRANK, as Mayor of the City of Yonkers, et al., Appellants-Respondents.— In an action by owners of real property situated in the city of Yonkers, and their association, judgment declaring two city ordinances, which changed zone districts, null and void, etc., on the ground that the Common Council in adopting the ordinances proceeded in violation of section 83 of the General City Law (L. 1920, ch. 743, as last amd. by L. 1939, ch. 830), reversed on the law and the facts, with costs, and defendants' motion for judgment granted, with costs. The findings and conclusions are adjusted as follows: All the "Findings of Fact" set forth in the "Decision" are affirmed, except Nos. 35, 37, 39, 40, 42, 43, 45, 51 and 52, which are reversed. The "Conclusions of Law" set forth in the decision are treated as follows: Nos. 1, 2, 3, 8 and 9 are reversed. Nos. 4 and 5 are affirmed. No. 6 is modified by striking out the words, "provided that the formula set forth in Section 83 was followed", and as thus modified is affirmed. Defendants' "Proposed Findings of Fact and Conclusions of Law", whether heretofore found or refused, are found. All of plaintiffs' "Proposed Findings of Fact and Conclusions of Law", whether heretofore found or refused, are refused except as found or affirmed above. The Common Council had power to enact the ordinances. There is no provision in section 83 of the General City Law that the exercise of its power is conditioned upon the presentation of any particular form of petition. The council is a local legislative body, clothed with the general, delegated power to enact amendments to the Zone Ordinance. Under such a situation its motives, promptings, and procedures in making the enactment are not subject to review by the court. Hagarty, Acting P. J., Carswell, Johnston and Adel, JJ., concur; Sneed, J., dissents and votes to affirm.

In the Matter of PHYLLIS FAFARD et al., Appellants, against BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE, Respondent.— In a proceeding under article 78 of the Civil Practice Act, final order denying appellants' application to direct respondent to pay to them certain claimed arrearages in salaries and to adjust upward appellants' current salaries, unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See post, p. 857.]

In the Matter of the Arbitration between H. HAROLD ROMANOFF, Respondent, and NILOW REALTY CORP., Tenant. MICHAEL'S FAIR-MART FOOD STORES, INC., Appellant; 325 CHURCH AVENUE CORP., Respondent.— Appeal from an order denying appellant's motion to vacate an order which confirms an award made in an arbitration proceeding under the Business Rent Law (§ 15, as added by L. 1946, ch. 273, as amd.) dismissed, without costs. Appellant was not a party to the arbitration proceeding nor to the proceeding for confirmation of the award, and the order may not be set aside at its behest. (Barnum v. Rome, 273 App. Div. 774.) For the same reason, however, the order is not binding on appellant. (Dixon v. Talerico, 217 App. Div. 191.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.