JOSEPH HALPERN, Plaintiff, *v.* EDWARD F. CAVANAUGH, JR., as Commissioner of Marine and Aviation of the City of New York, et al., Defendants.

Supreme Court, Special Term, Queens County, July 27, 1955.

*Avrutis & Zizmor* for plaintiff.

*Peter Campbell Brown, Corporation Counsel,* for defendants.

SAMUEL RABIN, J.   Motion by the plaintiff to examine the defendants before trial by three engineers and an inspector and for the production of books and records relevant and material to the items of examination for use pursuant to section 296 of the Civil Practice Act.

Although the defendant Cavanaugh has been named a party defendant to this action, it is obvious from the complaint that he was named solely in his official capacity as commissioner of marine and aviation, one of the departments of the defendant the City of New York.   Under these circumstances, the corporation counsel is correct in opposing Cavanaugh's examination as an adverse party.   He is likewise correct in objecting to the city's examination by witnesses designated in the first instance by the plaintiff.   The Appellate Division, First Department, has recently held that the general rule is that a corporation to be examined as an adverse party may produce officers or employees having knowledge of the facts under inquiry, and the choice of witnesses does not rest, in the first instance, with the examining party; that if the person produced has no knowledge or inadequate knowledge, or if the court may be made to see as a result of the examination that another officer or employee has direct knowledge of the facts, there is adequate power to make appropriate direction to produce such additional witnesses.   (*United States Overseas Airlines* v. *Cox,* 283 App. Div. 31.)   The Appellate Division, Second Department, has cited that case with approval in *Hansen* v. *City of New York* (283 App. Div. 891).   The foregoing, in the opinion of this court, should apply with equal force to a municipal corporation.

As to the items of examination, the opposition is limited to items 3, 5, 6 and 7.   The court is of the opinion that items 3 and 5 are proper; that item 7 should be denied and item 6 modified by deleting the language beginning with the word " upon " on the first line and ending with the word " provided " on the fifth.

The motion is granted in accordance with the foregoing views. The defendant the City of New York will be examined by those officers or employees who have knowledge of the facts under inquiry, including, if he has such knowledge, its commissioner of

marine and aviation. It should be enough if it produces one or more of such officers who has or have knowledge of the facts. If after the examination of the person or persons produced, it shall appear that a further examination of any specific person or persons is necessary, application may be made to the court for such further examination. (*Hansen* v. *City of New York, supra.*) There will be produced at such examination all books and papers relevant and material to the items allowed.

Settle order on notice.