Samuel H. Hoestadteb, J.
The respondents, constituting the Board of Standards and Appeals of the City of New York, move to vacate the order of certiorari obtained by the petitioners and to dismiss the petition by which the petitioners seek a review of the respondents’ determination denying their application for a variance of use regulations in a business use district.
The petitioners own the parcel of real property here in question situated at the northwest corner of Broadway and 238th Street, in the Borough of The Bronx, known by the street numbers 5821-5839 Broadway and 251-265 West 238th Street. The parcel has a frontage of approximately 190 feet and a depth of approximately 143 feet and is irregular in shape; it is located in a business use district, with the exception of a small portion in its northwest corner, which is in an unrestricted area. The property is now used for the parking and storage of motor vehicles. The petitioners applied for a variance under subdivisions (f), (h) and (i) of section 7 of the Zoning Resolution of the City of New York to enable them to erect a gasoline service station and conduct on the premises the activities incidental to the operation of that business. The denial of the application by the respondents is here challenged.
The respondents based their denial not alone on the record but also on their personal inspection of the property and the immediate neighborhood and their knowledge and experience in matters relating to the city’s zoning regulations. They stated the reasons for their action in detailed findings, among them that the proposed gasoline service station would change the character of the use district and not be in keeping with the zoning of the area and would interfere with the area’s development for structures of conforming use. The petitioners argue with great cogency against the soundness of the board’s conclusions and, in the light of the character of the vicinity and its uses, others might well have reached a contrary result. Since, however, the board is an administrative body and acted upon a matter within its peculiar competence, unless its determination is contrary to law, an abuse of discretion, arbitrary or *281 capricious, it is beyond the reach of judicial interference. (People ex rel. St. Albans-Springfield Corp. v. Connell, 257 N. Y. 73, 81; People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 287; Matter of Levy v. Board of Standards & Appeals, 267 N. Y. 347, 351.) Study of the record in this case does not persuade the court that the board’s action was such as, within the foregoing principles, to merit judicial condemnation.
The petitioners lay great emphasis on the circumstance that the Board of Estimate on January 26, 1956 approved a resolution of the City Planning Commission adopted on January 18, 1956, by which an area south of 238th Street and east of Broadway was rezoned from a business to a manufacturing use district, and that as a result of this zoning change a gasoline service station has been erected and is now in operation at the southwest corner of Broadway and 238th Street Immediately across the street from their property, on the same side of Broadway. Even had the Board of Standards and Appeals itself granted a variance to permit the gasoline service station at the southwest corner, this would not necessarily require like action on the petitioners ’ application for a variance on another parcel. (Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 46-47; Matter of Conwall Realty Corp. v. Murdock, 285 App. Div. 951; Matter of Rosenberg v. Board of Standards & Appeals, 286 App. Div. 1019.) The power of the City Planning Commission and the Board of Estimate to rezone property is legislative and, of course, different from the administrative power of the Board of Standards and Appeals. (Matter of Levy v. Board of Standards & Appeals, 267 N. Y. 347, 352-353, supra; see, also, Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 226.)
It follows that the motion to vacate the order of certiorari and to dismiss the petition must be granted. This disposition is without prejudice to a new application to the Board of Standards and Appeals or to any other available remedy.
Settle order.