■ REFORMED CHURCH OF MILE SQUARE et al., Respondents, v. CITY OF YONKERS, Defendant, and STEWART STAMPING CORPORATION, Appellant.— In an action for a judgment declaring that an amendment to the Building Zone Ordinance of the City of Yonkers in March, 1958, rezoning appellant's property, is invalid as "Spot zoning", and for other relief, the appeal is from so much of an order as denied appellant's motion to vacate a notice for its examination before trial. Order modified (1) by inserting in subdivision "2" of the first ordering paragraph the word and figure "in 1953" after the word "premises" and by striking therefrom everything following the word "ordinance", (2) by striking subdivision "3" from said paragraph, and (3) by inserting in subdivision "4" of said paragraph the word and figure "in 1953" after the words "amendment and" and by striking therefrom everything following the word "ordinance". As so modified, order insofar as appealed from affirmed, without costs. The examination as to the use of the premises prior to the amendment to the zoning ordinance in September, 1953, so as to show the valid nonconforming use thereafter, should be limited to the use existing at the time of the passage of such amending ordinance (cf. *People* v. *Miller*, 304 N. Y. 105, 107; Building Zone Ordinance of City of Yonkers, §§ 4–B–550, 7–B–10). Subdivision "3" relating to property acquired by appellant, even if its materiality be assumed, was unnecessary as the facts sought were matters of public record (cf. *Vunk* v. *Roe*, 265 App. Div. 1060). In other respects, it is our opinion that the examination was properly allowed. (Cf. *Reformed Church of Mile Square* v. *City of Yonkers*, 8 A D 2d 639.) Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ REFORMED CHURCH OF MILE SQUARE et al., Respondents-Appellants, v. CITY OF YONKERS, Appellant-Respondent, et al., Defendant.— Action for a judgment declaring that an amendment to the Building Zone Ordinance of the City of Yonkers in March, 1958, rezoning defendant's property, is invalid as "Spot zoning", and for other relief. Defendant City of Yonkers appeals from so much of an order as granted plaintiffs' motion to examine it before trial, and plaintiffs appeal from so much of said order as denied their motion and from the refusal to sign their proposed order. Order modified (1) by striking from subdivision "4" of the first ordering paragraph everything following the word "are" and by substituting therefor the word "stricken", and (2) by striking from subdivision "6" of said paragraph everything following the word "is" and by substituting therefor the word "stricken". As so modified, order affirmed, without costs. An examination before trial as to motives inducing legislative action is improper (cf. *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377, 387; *Homefield Assn. of Yonkers, N. Y.* v. *Frank*, 273 App. Div. 788, affd. 298 N. Y. 524), and in our opinion subdivisions "4" and "6" permit such an inquiry. However, while there may not be an examina-

tion into the motives which move a legislative body in the exercise of its legislative discretion, there may be an inquiry into the purpose of the legislation (cf. *People ex rel. Burton* v. *Corn Prods. Co.*, 286 Ill. 226, 234). The examination, as herein limited, is permissible within that rule, and is material and necessary on the issue of whether the purpose of the challenged amendment was to benefit the individual property owner rather than to promote the general welfare of the community pursuant to a well-considered, comprehensive plan (cf. *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 124; General City Law, § 20, subd. 25; Civ. Prac. Act, § 292-a). Appeal from refusal to sign proposed order dismissed, without costs. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.