J. Irwin Shapiro, J.
The fundamental questions presented on this motion are whether the City Planning Commission may be examined and, if so, the scope of that examination.
Defendants Board of Estimate of the City of New York, 'City Planning Commission of the City of New York, and Buildings Superintendent of the Borough of Queens (hereinafter: defendants) move pursuant to CPLB 3103 for a protective order vacating plaintiffs’ “Notice of taking deposition” which provides for examination of the City Planning Commission of the City of New York “by its Chairman, Donald H. Elliott, or some other member thereof having the requisite knowledge of the facts * * * with respect to all facts material and necessary to the prosecution or defense of this action. ’ ’
This is an action to declare illegal and invalid a certain zoning amendment adopted by the City Planning Commission on July 19, 1967 and subsequently approved by the Board of Estimate on July 27, 1967 which reclassified certain property in the Flushing area of Queens from a residential to a commercial classification so that a major department store could be constructed on this site. Plaintiffs ’ challenge to the amendment is predicated on the grounds, inter alia, (1) that it constituted spot zoning and was therefore an invalid exercise of the police power, (2) the resolution of the Planning Commission was adopted in violation of its own rules of procedure, relevant provisions of the City Charter, and the requirements of procedural due process, and (3) the subsequent approval by the Board of Estimate failed to comply with the procedural requirements specified in the New York City Charter and the Federal and State Constitutions.
In support of their motion, defendants contend that the notice of taking deposition should be vacated on the grounds that “ (1) persons may not be examined as to their motives when they are acting in a legislative capacity; (2) the members of the *82 City Planning Commission are not parties in the instant action; (3) a municipal corporation may not be examined without an order of the Court”. Defendants further contend that if the examination before trial is permitted, the City Planning Commission in the first instance may designate the person to be produced. The defendants’ opposition is predicated on the doctrine that a person acting in a legislative capacity may not be examined as to his motives. However, defendants also assert that since the Planning Commission is an advisory body and its recommendations need not be followed by the Board of Estimate, its examination will not elicit information which is material and necessary. (CPLR 3101.)
The Appellate Division, Second Department, has permitted examinations before trial in zoning cases and has set forth the scope for those examinations. In Reformed Church of Mile Sq. v. City of Yonkers (8 A D 2d 639), which was an action for a judgment declaring an amendment to the Building Zone Ordinance of the City of Yonkers invalid as “ spot zoning”, the court stated: 1 ‘ An examination before trial as to motives inducing legislative action is improper (cf. Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 387; Homefield Assn. of Yonkers, N. Y. v. Frank, 273 App. Div. 788, affd. 298 N. Y. 524), and in our opinion subdivisions ‘ 4 ’ and ‘ 6 ’ permit such an inquiry. However, while there may not be an examination into the motives which move a legislative body in the exercise of its legislative discretion, there may be an inquiry into the purpose of the legislation (cf. People ex rel. Burton v. Corn Prods. Co., 286 Ill. 226, 234). The examination, as herein limited, is permissible within that rule, and is material and necessary on the issue of whether the purpose of the challenged amendment was to benefit the individual property owner rather than to promote the general welfare of the community pursuant to a well-considered, comprehensive plan (cf. Rodgers v. Village of Tarry-town, 302 N. Y. 115, 124; General City Law, § 20, subd. 25; Civ. Prac. Act, § 292-a).” (See, also, Point Lookout Civic Assn. v. Town of Hempstead, 8 A D 2d 824.) The Appellate Division, Second Department, has also allowed examinations before trial, in actions to declare void zoning ordinances, as to “ studies, investigations and planning made by or in behalf ” of town boards prior to the enactment of the ordinances against which suit is instituted. (See Lakeville Merrick Corp. v. Town Board of Town of Islip, 23 A D 2d 584; Mazzara v. Town of Pittsford, 54 Misc 2d 600.)
I am of the opinion that these rules apply with equal force to the City Planning Commission. In McCabe v. City of New *83 York (281 N. Y. 349), the Court of Appeals discussed the character of the City Planning Commission. The court stated (pp. 352-353): “ The new charter thus sought to relieve the Board of Estimate of some of the more burdensome features of zoning law administration by making provisions for them in a new city department known as the City Planning Commission. To the latter were committed the preparatory work on amendments and changes in the zoning ordinance, as adviser in this particular to the Board of Estimate. The Planning Commission, either originally or at the instance of a petitioner, initiates a proposed zoning change, gives public notice of hearing, considers arguments for and against or in modification, and finally adopts its own resolution. This must then be filed with the Board of Estimate, which finally determines whether the proposed change shall become effective. However useful and arduous the duties and powers of the Planning Commission, they do not include that of final determination. This power and function resides in the Board of Estimate.”
The Appellate Division, Second Department, has stated:
‘ ‘ G-enerally, the exercise of zoning powers is a legislative function not subject to review in an article 78 proceeding (Matter of Neddo v. Schrade, 270 N. Y. 97; Matter of Weers v. Whiton, 3 A D 2d 924; Homefield Assn. of Yonkers v. Frank, 273 App. Div. 788, affd. 298 N. Y. 524). (Matter of Southern Dutchess Country Club v. Town Board of Town of Fishkill, 25 A D 2d 866, affd. 18 N Y 2d 870.)
Similarly, it has been held: ‘ ‘ The power of the City Planning Commission and the Board of Estimate to rezone property is legislative and, of course, different from the administrative power of the Board of Standards and Appeals.” (Matter of Walsh v. Murdock, 15 Misc 2d 279, 281; see, also, Matter of New York City Housing Auth. v. Foley, 32 Misc 2d 41.) Accordingly, even though the decisions of the City Planning Commission are not in and of themselves binding or determinative, the function which it exercises is legislative in character and this court can see no reason why the rules discussed above should not apply in actions against the City Planning Commission.
Defendants contend, however, that since the City Planning Commission’s recommendations are not self-executing and are advisory in nature, the examination of the City Planning Commission will not elicit information which is material and necessary. This court does not agree. As was recently stated by the Court of Appeals in Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403, 406-407): “ The words, ‘ material and necessary ’, are, in our view, to be interpreted liberally to require disclosure, *84 upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony ‘ which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable ’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13).”
Accordingly, examination before trial within the guidelines set forth above is proper in this zoning matter.
Defendants contend, however, that plaintiffs’ notice of examination is improper insofar as it seeks examination of Chairman Donald H. Elliott on behalf of the City Planning Commission, since in the first instance the commission has the right to choose the examinee. This court does not agree. Plaintiffs seek to set aside the decision of the City Planning Commission on the ground that an affirmative vote of four members was required to take action and the fourth vote, which was cast by Chairman Elliott, was invalid because inter alia (1) he was not a member of the City Planning Commission at the time of the public hearing, (2) he did not have a transcript of the hearing and (3) he was not acquainted with the Flushing area. Plaintiffs predicate this cause of action to set aside the decision of the City Planning Commission on the decision of the Court of Appeals in Matter of Taub v. Pirnie (3 N Y 2d 188), which was an action to set aside a zoning resolution by which the Board of Appeals of the Village of Scarsdale granted a variance on the ground that one of the members voting with the majority was not present at the public hearing. The Court of Appeals held that, although this member of the board did not read the transcript of the hearing and was not present at the hearing, since the transcript was available to him and .since he was familiar with the arguments made at the hearing, his vote was proper. Even though it has not yet been decided whether the rules laid down by the Court of Appeals in Matter of Taub (supra) apply to the decision of the City Planning Commission, which is an advisory body, examination of Chairman Elliott, under the circumstances, is proper for the following reasons:
This court is aware of the usual rule ‘ ‘ that a corporation to be examined as an adverse party may produce those officers or employees having knowledge of the facts under inquiry, and the choice of witnesses does not rest in the first instance with the examining party.” (United States Overseas Airlines v. Cox, 283 App. Div. 31, 32; see, also, Hansen v. City of New York, 283 *85 App. Div. 891.) This rule has also been applied, with equal force, to a municipal corporation served with a notice of examination. (Halpern v. Cavanaugh, 208 Misc. 131; Martinez v. Union Free School Dist. No. 4, 41 Misc 2d 661.) However, the rule may be varied where special circumstances are shown. (Necchi v. Nelco Sewing Mach. Co., 23 A D 2d 543.) Since one of the main subjects of inquiry at the examination before trial will be the conditions surrounding Chairman Elliott’s vote, special circumstances are presented and the City Planning Commission should produce its Chairman in the first instance for examination before trial. As was stated in Wallach v. Northeast Airlines (15 Misc 2d 762, 763-764): “While the general rule is that the choice as to which of a party’s representatives is to be submitted for examination is, in the first instance with the party to be examined (United States Overseas Airlines v. Cox, 283 App. Div. 31), the mere fact that a person is designated in the notice of examination does not require the court to vacate or modify the notice solely by reason thereof. Where it appears from the pleading and the motion papers that the person to be examined is the one most likely to have knowledge of the facts upon which examination is to be had and there is no claim that some other person has superior knowledge and that the corporation to be examined has not offered to produce such person with superior knowledge, there would seem to be no objection to ordering the designated person to appear.”
Defendants’ second contention, i.e., that the notice is defective because Donald Elliott and the individual members of the City Planning Commission are not named parties in this action is without merit. Section 1023 of the CPLR provides: “ When a public officer, body, board, commission, or other public agency may sue or be sued in its official capacity, it may :be designated by its official title, subject to the power of the court to require names to be added.” Therefore, in Augostini v. Lasky (46 Misc 2d 1058) the court granted the motion to amend the title of an action by striking the names of all individual member defendants and substituting therefor the Broome County Board of Supervisors as party defendant. (See, also, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1023.01.)
Also without merit is defendants’ third contention that the proper procedure to initiate the examination before trial of defendants was the making of a motion and not the service of a notice of examination. It is well settled that under the CPLR the proper procedure for examining the City of New York is the service of a notice of examination. (See CPLR 3102, subd. [b]; see, also, Scheer v. City of Syracuse, 41 Misc 2d 1060.)
*86 Accordingly, the motion for a protective order is granted only to the extent of requiring defendant City Planning Commission to be examined by its Chairman, Donald H. Elliott, within the guidelines set forth in this opinion, such examination to be held at the office of the Clerk of Special Term, Part II, on the fifth floor of this courthouse nn a date and at a time to be specified in the order to be entered hereon.