■ ABRAHAM W. BURACK et al., Respondents, v. TOWN OF POUGHKEEPSIE et al., Appellants, et al., Defendant.— In an action for a declaratory judgment, the appeal is from an order of the Supreme Court, Dutchess County, dated October 9, 1968, which denied appellants' motion to vacate plaintiffs' notice to examine defendants before trial. Order modified, on the law and the facts, by (1) striking out of the decretal paragraph the determination that the motion is denied as to the individual defendants and the direction that they appear for examination; (2) providing in lieu thereof that the motion is granted as to the individual defendants; (3) striking out of the decretal paragraph the direction which describes the issues upon which plaintiffs may examine; (4) providing in lieu thereof that plaintiffs may examine the defendant town by representatives chosen by it and only upon the issue of the purpose of the challenged legislation; and (5) adding a further direction that the examination shall take place at the Dutchess County Courthouse under the supervision of a Justice of the Supreme Court. As so modified, order affirmed, without costs. The examination shall take place no later than 20 days after entry of the order hereon, at a time to be fixed in a written notice of at least five days, to be given by plaintiffs, or at such other time as counsel may agree upon. The declaratory judgment sought is that certain amendments to the Zoning Ordinance of the Town of Poughkeepsie are unconstitutional as they affect plaintiffs' property. In our opinion, the individual members of the Town Board were incorrectly named as parties defendant in this action, and, in our discretion, we herewith grant them a protective order. The Town of Poughkeepsie should produce on its behalf any town officer or employee who in its judgment has knowledge of the facts (cf. Town Law, § 65). The instant record discloses that some of the matters on which plaintiffs seek to examine concern the motives of the members of the Town Board who voted for the legislation. It is well established as follows: " An examination before trial as to motives inducing legislative action is improper (cf. *Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377, 387; *Homefield Assn. of Yonkers, N. Y.* v. *Frank,* 273 App. Div. 788, affd. 298 N. Y. 524) * * * However, while there may not be an examination into the motives which move a legislative body in the exercise of its legislative discretion, there may be an inquiry into the purpose of the legislation (cf. *People ex rel. Burton* v. *Corn Prods. Co.,* 286 Ill. 226, 234). The examination, as herein limited, is permissible within that rule, and is material and necessary on the issue of whether the purpose of the challenged amendment was to benefit the individual property owner rather than to promote the general welfare of the community pursuant to a well-considered, comprehensive plan (cf. *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 124; General City Law, § 20, subd. 25; Civ. Prac. Act, § 292-a) " (*Reformed Church of Mile Sq.* v. *City of Yonkers,* 8 A D 2d 639, 640.) Plaintiffs are clearly precluded from questioning any town representative concerning motivation, but they may question as to the purpose of the challenged legislation (*Reformed Church of Mile Sq.* v. *City of Yonkers, supra*). To avoid any abuse and to insure that no improprieties take place, the examination should take place under the supervision of the court. Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.