■ KENFORD COMPANY, INC., et al., Appellants, v COUNTY OF ERIE et al., Respondents. COUNTY OF ERIE, Respondent, v KENFORD COMPANY, INC.,

et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: This is an appeal from an order at Special Term in Erie County which granted the motion of nonparty witness, Bradley J. Hurd, for a protective order quashing a subpoena served on him by appellant Kenford Co. seeking his examination before trial. We affirm. Special Term was correct in following the decision made by a prior Special Term as a precedent on the issue of an ex-Erie County legislator's relationship to the *Hurd (Hurd v Erie County,* 34 AD2d 289) litigation. However, this court has power independently to examine the issue *(Martin v City of Cohoes,* 37 NY2d 162, 165; *Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069). Reviewing the papers before us, we observe that information regarding the ex-county legislator's (Charles A. Tuppen) relationship to the *Hurd* litigation is the only information presently sought from nonparty witness Hurd. The fact that this witness sought to be examined is a different one from the one who was the subject of a prior Special Term order is of no significance. We conclude, therefore, that Mr. Tuppen's relationship to the *Hurd* litigation, if any, is not relevant in this breach of contract action. CPLR 3101 (subd [a]) requires "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of burden of proof". "Material and necessary" is liberally interpreted to require disclosure of any facts which bear on the controversy and which will assist in trial preparation by sharpening the issues and reducing prolixity *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *Kenford Co. v County of Erie,* 55 AD2d 466, 469). In this case plaintiff, Kenford Company, claims that information regarding Tuppen's relationship to the *Hurd* litigation is "material and necessary" because it would provide circumstantial evidence of a conspiracy (claimed to have been set forth in defendant's answer and counterclaim) to oppose construction of the domed stadium. An examination of the pleadings, however, reveals that the present litigation will focus on the construction of contractual terms, obligations and conditions. Thus, the opposition of individual county legislators to the contract and their alleged motivation in failing to enact legislation to fulfill the dome stadium project is not an issue and on oral argument the parties so conceded. Further, evidence of motivation for the action of an individual legislator is not discoverable even in an action to nullify legislation or avoid a public contract *(Sloane v Weber,* 52 AD2d 1055; see *Kittinger v Buffalo Traction Co.,* 160 NY 377). Even were we to agree that the motivation of an individual legislator for originally voting to authorize the contract in June, 1969 has been put in issue because of the County of Erie's claim of reliance on the plaintiff's alleged false representations; nonetheless, the conduct of such legislator in opposition to the project occurring subsequent to the authorization is irrelevant to the issue presented on this appeal *(Kenford Co. v County of Erie,* 41 AD2d 586, 587). (Appeal from order of Erie Supreme Court—protective order.) Present—Marsh, P. J., Moule, Cardamone, Hancock, Jr., and Witmer, JJ.