In the Matter of SAMUEL THOMPSON, Appellant, v GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION, Respondent.

Fourth Department, April 13, 1979

APPEARANCES OF COUNSEL

*Peter D. Braun* for appellant.

*Raichle, Banning, Weiss & Halpern (Arnold Weiss* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

Petitioner appeals from a judgment granting only in part his motion (by order to show cause) under CPLR 2308 (subd [b]) to compel respondent to comply with a subpoena duces tecum served pursuant to CPLR 2302 (subd [a]) in connection with a hearing scheduled by the State Division of Human Rights on petitioner's complaint that respondent has discriminated against him because of his race. Petitioner had been employed by respondent for about 22 years at the time of his discharge.

Originally the division dismissed the complaint on a finding of lack of probable cause therefor. The Appeal Board reversed, reinstated the complaint and remanded the matter to the division for further action in accordance with the board's decision. In its decision the board directed that further investigation be made by the division and that, "The record should show the name and color of the foreman who filed these charges against appellant" (petitioner), and should show the disciplinary records of the employees in the department where petitioner worked and their color, and the name and color of the foremen who filed charges against them and who of such employees were discharged.

Pursuant to that order and section 297 (subd 4, par a) of the Executive Law, the division proceeded with such investigation, and in connection therewith issued a subpoena duces tecum to respondent requiring production of records from which much of the information directed by the Appeal Board to be placed in the record could be obtained. When respondent demurred against compliance with that subpoena, petitioner's attorney applied for a similar but broader subpoena duces tecum, and Special Term granted it with some limitations. Respondent has not appealed from Special Term's judgment thereon, but petitioner appeals from the limitations therein.

The parties have reached agreement on many items of petitioner's subpoena, but petitioner insists that he is entitled to have full disclosure in accordance with the other terms of his subpoena duces tecum.

Insofar as petitioner seeks the records as to the *color* of the foremen, and of the employees who were disciplined, his subpoena follows precisely the directions of the Appeal Board to the division, and so there should be full compliance with that aspect of the subpoena. Without that information the essence of the inquiry may be blocked and the investigation and hearing may be futile.

Respondent contends that at this stage of the proceeding, petitioner's attorney lacks the right to issue a subpoena in connection with the hearing before the hearing officer. We have held that in the preliminary investigation stage, wherein the division is ascertaining whether probable cause for a complaint exists, complainant's attorney may not issue a subpoena duces tecum *(State Div of Human Rights v University of Rochester,* 53 AD2d 1020). That holding, however, is not controlling in this case. Here, the Appeal Board has reversed the division's finding of lack of probable cause, reinstated the complaint and remanded it for further proceedings.

Section 297 (subd 4, par a) of the Executive Law provides in part as follows: "after the board has reversed and remanded an order of the division dismissing a complaint for lack of jurisdiction or for want of probable cause * * * the division shall cause to be issued and served a written notice, together with a copy of such complaint, as the same may have been amended, requiring the respondent or respondents to answer the charges of such complaint and appear at a public hearing before a hearing examiner at a time not less than five nor more than fifteen days after such service and at a place to be fixed by the division and specified in such notice. * * * The case in support of the complaint shall be presented by one of the attorneys or agents of the division and, at the option of the complainant, by his attorney. With the consent of the division, the case in support of the complainant may be presented solely by his attorney."

In spite of the language of the statute, the division issued a subpoena duces tecum to respondent returnable before the regional director to give evidence in a further "investigation" on February 16, 1977 (which was later adjourned pending determination of respondent's objections). In light of the statute we interpret that proceeding before the regional director as a public hearing in which petitioner's attorney has the right to appear and to issue a subpoena duces tecum (see

CPLR 2302; 9 NYCRR 465.10, 465.11 and 465.12). Because of the subpoena issued to respondent by the division, respondent's evidence might be submitted to the division without criticism by petitioner unless petitioner's attorney is given this right. Following the hearing, if the division should again dismiss the complaint, petitioner would be limited to the record made. He should, therefore, at the time of such hearing be given full opportunity to present his case, aided by such materials as he may obtain through such subpoena (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332, 337).

The information sought is prima facie material and necessary, and respondent should be directed to produce it in accordance with the subpoena (see CPLR 3101, subd [a]; *Kenford Co. v County of Erie,* 62 AD2d 1176, 1177; and also *State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201, 209-210; *Russo v Reader's Digest,* 91 Misc 2d 1, 2).

The judgment should, therefore, be modified to require respondent also to produce the records requested concerning the color of the foremen and employees involved and, as so modified, it should be affirmed.

SIMONS, J. P., SCHNEPP, CALLAHAN and DOERR, JJ., concur.

Judgment unanimously modified, in accordance with opinion by WITMER, J., and, as modified, affirmed, with costs to appellant.