■ CONSOLIDATED PETROLEUM TERMINAL, INC., Appellant, v INCORPORATED VILLAGE OF PORT JEFFERSON et al., Respondents.—In an action, *inter alia,* to declare invalid an amendment to a village zoning law, plaintiff

appeals from an order of the Supreme Court, Suffolk County, dated September 20, 1979, which granted defendants' motion for a protective order. Order modified by adding thereto, after the words "a protective order is granted", the following: "except as to the former Chairman of the Village Planning Board." As so modified, order affirmed, without costs or disbursements. Although inquiry into the motivation underlying the enactment of legislation is impermissible, it is well settled that inquiry into the purpose of the legislation is proper *(Burack v Town of Poughkeepsie,* 32 AD2d 806). Consequently where plaintiff attacks the validity of a zoning amendment, pretrial discovery as to the circumstances surrounding the enactment is legitimate *(Free Synogogue of Flushing v Board of Estimate of City of N. Y.,* 57 Misc 2d 80). This is not to say, however, that plaintiff will have unfettered discretion as to whom he may depose, for as in the case at bar, it is the right of the municipality to determine which of its officers with knowledge of the facts underlying the litigation may appear for examination; and where such officials are offered for deposition, there are no special circumstances which would warrant deposition of nonparty former employees (CPLR 3101, subd [a], par [4]; *Cirale v 80 Pine St. Corp.,* 35 NY2d 113). Therefore unless it becomes apparent that the knowledge of the proffered officials is inadequate, plaintiff is not entitled to depose the former trustees of the village's board of trustees. However, no alternative witnesses have been offered to substitute for the former chairman of the planning board. Because his agency's recommendation played some part in the decision to enact the zoning amendment, the circumstances surrounding that recommendation are relevant *(Free Synogogue of Flushing v Board of Estimate of City of N. Y., supra).* Pursuant to the policy of liberal discovery, the former chairman may be properly deposed. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.