■ ROBERT C. BROWNE et al., Appellants, v TOWN OF HAMPTONBURGH et al., Respondents.—Appeals by the plaintiffs (1) from an order of the Supreme Court, Orange County, dated July 26, 1978, which granted the motion of the defendant County of Orange to dismiss the complaint as against it and (2) from so much of a further order of the same court, dated March 16, 1979, as granted the motion of the defendant Town of Hamptonburgh for summary judgment as to those causes of action which are based on the theory of a *de facto* taking by said defendant. Order dated July 26, 1978, reversed, on the law, without costs or disbursements, and the county's motion to dismiss the complaint denied. Order dated March 16, 1979, reversed insofar as appealed from, on the law, without costs or disbursements, and the town's motion for summary judgment as to the causes of action based on the theory of a *de facto* taking is denied. As a matter of discretion in the interest of justice, the plaintiffs are granted leave to serve an amended complaint within 30 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. Plaintiffs, the owners of property located within the boundaries of the defendants town and county, seek monetary compensation and declaratory and injunctive relief on the ground that the county's proposed condemnation of their property and the town's restrictive zoning in contemplation of condemnation rendered their property unmarketable and constituted a *de facto* taking. Special Term dismissed the complaint as against the county and granted partial summary judgment to the town as to the causes of action for monetary damages. The complaint, while inartfully drawn, states a cause of

action against the county (see *City of Buffalo v Clement Co.,* 28 NY2d 241, 253, 255). The papers submitted in opposition to the town's motion for summary judgment present triable issues of fact. Further, it appears that the plaintiffs may have a cause of action under the Federal Civil Rights Act (see US Code, tit 42, § 1983; *Lake Country Estates v Tahoe Regional Planning Agency,* 440 US 391; *Monell v New York City Dept. of Social Servs.,* 436 US 658; *Owen v City of Independence,* 445 US 622). Under the circumstances presented in this record, the plaintiffs should be permitted to serve an amended complaint asserting an additional cause of action under section 1983 of title 42 of the United States Code (see *Brody v Leamy,* 90 Misc 2d 1). Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.