■ MILO LAZAREVIC, Appellant, v KAREN R. KAMINSKI et al., as Coexecutrices of EDWARD SINDIN, Deceased, et al., Defendants and Third-Party Plaintiffs, et al., Defendants. AUER'S VAN & EXPRESS CO., INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 2, 1990, which, upon granting reargument of two prior orders that had, *inter alia,* denied plaintiff's application to depose an employee of the third-party defendant or, alternatively, to preclude said third-party defendant from calling said employee as a trial witness, adhered to those prior rulings, unanimously reversed, on the law, the facts, and in the exercise of discretion, with costs, and third-party defendant Auer's Van & Express Co., Inc. is directed to produce its employee, Martin Harris, for the taking of his deposition by plaintiff, or in default of which, to suffer preclusion of Harris as a witness on the trial.

In the circumstances disclosed by this record, and particularly in light of the fact that a special master has recommended that Harris (in addition to two other employees) be

deposed, we find it to have been an abuse of discretion to deny the relief sought. In this action by plaintiff artist to recover for physical damage suffered by his sculpture allegedly in the course of its shipment to an exhibition site, Robert Wissler, a moving man employed by Auer's, testified at his deposition that Harris was the driver-foreman in charge at the time of the move, and could well have been an eyewitness with sole direct knowledge of the critical incident. Wissler himself denied any recollection of the event. Thus we cannot agree with the motion court that Harris' deposition would in any significant way be "duplicative" of the discovery already had in this case. On the contrary, it may well be the only mechanism by which the actual facts may be established. Concur— Sullivan, J. P., Carro, Wallach and Rubin, JJ. [See, 170 AD2d 279 (Feb. 14, 1991).]