■ 305-7 WEST 128TH STREET CORP., Appellant, v HADLEY W. GOLD, as Commissioner of the Department of General Services of the City of New York, et al., Respondents.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered November 2, 1990, which, *inter alia,* denied plaintiff's motion to compel the examination before trial of defendant, Department of General Services, by its assistant general counsel, unanimously modified to compel such deposition, and otherwise affirmed, without costs.

Plaintiff seeks the deposition of defendant's assistant general counsel on the ground that she negotiated the lease that plaintiff would enforce and has firsthand knowledge of facts and circumstances surrounding the transaction. In opposition, she states that as in-house counsel she had no authority to negotiate the lease, and that other persons were the main participants in the transaction. Defendant also asserts that plaintiff failed to exhaust all possible other sources of discovery, and that testimony of its assistant general counsel would invade the attorney-client privilege.

Plaintiff's evidence that defendant's assistant general counsel participated in the negotiations of the lease, suffices to demonstrate the need for her deposition, if not by itself, then certainly when considered in conjunction with the deposition testimony of defendant's assistant commissioner of property management and leases that he would have to consult with her to determine whether a draft of the lease was to be final. Nor does the attorney-client privilege bar discovery, since it is well settled that an attorney who functions as an agent or negotiator in a commercial venture may be examined *(Planned Indus. Centers v Eric Bldrs.,* 51 AD2d 586). The attorney-client privilege may be raised by way of objection to specific questions at the time of the examination before trial should inquiry impinge on the privilege *(Verschell v Pike,* 65 AD2d 622). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.