■ GLORIA COLICCHIO, by her Conservator, MICHAEL R. COLICCHIO, et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Alfred Toker, J.), entered May 13, 1991, which denied the defendant City of New York's motion for vacatur of a Referee's ruling directing an examination before trial of Lucius Riccio, the Commissioner of the New York City Department of Transportation, and granted the plaintiffs' cross-motion to direct such examination, unanimously reversed, on the law and the facts, and in the exercise of discretion, without prejudice to the plaintiffs to conduct a re-examination of New York City Department of Transportation employee Richard Retting, without costs.

The plaintiffs instituted this action to recover damages for personal injuries suffered by the plaintiff, Gloria Colicchio, who was a passenger in a taxicab which struck a bus owned by Manhattan and Bronx Surface Transit Operating Authority on September 26, 1986 on the 86th Street Transverse in Central Park. After discovery and certain examinations before trial had commenced, the Supreme Court appointed a Referee to supervise further discovery.

The plaintiffs thereafter moved to depose Lucius Riccio, the Commissioner of the New York City Department of Transportation, to testify as to scarification, a process designed to improve the frictional properties of roadways. The Referee directed that the deposition be held. The City then moved to vacate the Referee's ruling claiming that in light of the extensive discovery and depositions already completed, the Commissioner's testimony would not be "material and necessary" as required by CPLR 3101 (a). The plaintiffs cross moved to compel compliance with the Referee's order to take the deposition of Mr. Riccio. The Supreme Court denied the defendant City's motion and granted the plaintiffs' motion to the extent of directing the defendant to appear for oral examination by Lucius Riccio.

We find that it was an improvident exercise of discretion to order the examination before trial of Commissioner Riccio. A municipality has the right to determine which of its officers with knowledge of the facts may appear for pretrial examination *(D'Ulisse v Town of Oyster Bay,* 81 AD2d 825; *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson,* 75 AD2d 611). Only when the plaintiff establishes that the knowledge of the proffered official is insufficient to produce testimonial and documentary evidence "material and necessary" to the prosecution of the action, as provided in CPLR 3101 (a), may the court grant a motion for the production of additional witnesses *(supra).* Further, a party seeking to depose additional witnesses must make a detailed showing of the necessity for taking such depositions *(Ayala v City of New York,* 169 AD2d 530; *cf., Simon v Advance Equip. Co.,* 126 AD2d 632).

While the plaintiffs maintain that Mr. Riccio's testimony is material and necessary because he is knowledgeable about the transverse and the use of scarification, the plaintiffs have already deposed or interviewed four senior employees of the Department of Transportation who provided information as to the scarification process, in addition to officials and employees of the police department and other agencies. They have also received numerous documents from the City concerning the conditions of the roadway. The plaintiffs therefore have failed to establish that the individuals already deposed possessed insufficient knowledge or that the testimony was otherwise inadequate *(Ayala v City of New York, supra; cf., Lazarevic v Kaminski,* 169 AD2d 419, *amended* 170 AD2d 279). However, since some documents were not available at the time the plaintiffs deposed Richard Retting, the Department of Transportation's Chief of Traffic Safety, we find that Mr. Retting may be re-examined on the basis of these documents.

We find no merit to the plaintiffs' remaining contention. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.