■ In the Matter of the Estate of NICOLA FIORE, Deceased. NICK FIORE, Nonparty Appellant; MARIE FIORE et al., Respondents. [614 NYS2d 237] —In a proceeding to revoke the letters of administration issued to Susan Fiore Vales, the appeal is from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated October 7, 1992, which denied the nonparty appellant's motion to quash a subpoena seeking his deposition and the production of documents alleged to be in his possession.

Ordered that the order is affirmed, without costs or disbursements.

The information sought from the nonparty appellant is primarily related to a non-legal business transaction and does not implicate confidential communications between an attorney and a client *(see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371; *Rossi v Blue Cross & Blue Shield,* 73 NY2d 588, 593; *People v Belge,* 59 AD2d 307, 309). In any event, should the attorney-client privilege be implicated at the deposition, the appellant may make an objection at that time *(see, 305-7 W. 128th St. Corp. v Gold,* 178 AD2d 251; *Verschell v Pike,* 65 AD2d 622).

The Surrogate has broad discretion in revoking letters of administration based upon the particular circumstances of each individual case *(see,* SCPA 711, 713; *Stolz v New York Cent. R. R. Co.,* 7 NY2d 269, 270). Therefore, it cannot be said that the information sought by the subpoena is irrelevant. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.