■ NANCY FRIDENBERGER, Appellant, et al., Plaintiffs, v PHILIP MODAYIL et al., Respondents. [702 NYS2d 335] —In an action to recover damages for medical malpractice, etc., the plaintiff Nancy Fridenberger appeals from (1) a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered August 11, 1998, which, upon a jury verdict in favor of the defendant Philip Modayil and against her, dismissed her complaint insofar as asserted against that defendant, and (2) a

judgment of the same court, also entered August 11, 1998, which, upon a jury verdict in favor of the defendant John Stepner and against her, dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the judgment dismissing the complaint against the defendant John Stepner is dismissed as abandoned; and it is further,

Ordered that the judgment dismissing the complaint against the defendant Philip Modayil is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The interrogatories submitted to the jury regarding the appellant's claims against the defendant Philip Modayil were proper since the evidence did not support any other theory of liability against that defendant (*see, Fallon v Damianos,* 192 AD2d 576; *Zimmerman v Jamaica Hosp.,* 143 AD2d 86). The appellant has not preserved for appellate review her challenge to the court's response to the jury's request for testimony relating to the first interrogatory (*see,* CPLR 5501 [a] [3]), since her attorney neither objected to the court's response nor requested additional time to review the testimony. In any event, reversal is not required.

The trial court properly precluded the appellant from introducing into evidence a statement contained in a peer review report (*see,* Education Law § 6527 [3]; Public Health Law § 2805-m; *Logue v Velez,* 92 NY2d 13, 16).

The appellant's challenges to the jury instructions are unpreserved for appellate review, and, in any event, without merit. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.