■ D & S REALTY DEVELOPMENT, L.P., Respondent, v TOWN OF HUNTINGTON et al., Appellants. FRANK PETRONE et al., Nonparty Appellants. [743 NYS2d 147] —In an action, inter alia, to recover damages pursuant to 42 USC § 1983, the defendants Planning Board of the Town of Huntington, H. Jeffrey Virag, Ellen Pagano, W. Gerard Asher, Robert J. Bontempi, Jr., Andrew L. Sisternino, Tracey A. Edwards, Kirk C. McKay, and Mitchell Sommer appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 22,

2001, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that it was time-barred, the defendant Town of Huntington separately appeals from so much of the same order as granted the plaintiff's cross motion to compel the depositions of certain current and former members of the Town Board of the Town of Huntington and the defendant Town Board of the Town of Huntington, and the nonparties Frank Petrone, Marlene L. Budd, Mark Cuthbertson, Steven Israel, and Susan J. Scarpati-Reilly appeal from the same order.

Ordered that the appeals by the defendant Town Board of the Town of Huntington, and nonparties Frank Petrone, Marlene L. Budd, Mark Cuthbertson, Steven J. Israel, and Susan J. Scarpati-Reilly are dismissed, without costs or disbursements, as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion to compel the depositions of certain current and former members of the Town Board of the Town of Huntington, and substituting therefor a provision denying the cross motion as premature; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the contention of the Planning Board of the Town of Huntington (hereinafter the Planning Board), a proceeding pursuant to CPLR article 78 is not the plaintiff's exclusive remedy to challenge the rezoning of its property. Rather, the plaintiff may proceed pursuant to 42 USC § 1983 (*see Town of Orangetown v Magee,* 88 NY2d 41; *Paltrow v Town of Lewisboro,* 199 AD2d 372; *Browne v Town of Hamptonburgh,* 76 AD2d 848). Thus, as the statute of limitations for a section 1983 action is three years, this action is not time barred as against the Planning Board and its members pursuant to Town Law § 282 (*see 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, *cert denied* 481 US 1008; *Lopez v Shaughnessy,* 260 AD2d 551; *Bidnick v Johnson,* 253 AD2d 779).

However, the Supreme Court should have denied, as premature, the plaintiff's cross motion to compel the examination before trial of the individual members of the defendant Town Board of the Town of Huntington. A municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts underlying the litigation may appear for an examination before trial (*see Fridenberger v Modayil,* 268 AD2d 457; *Matter of Rattner v Planning Commn. of Vil. of Pleasantville,* 110 AD2d 840; *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson,* 75 AD2d 611;

*Burack v Town of Poughkeepsie,* 32 AD2d 806; *D'Ulisse v Town of Oyster Bay,* 81 AD2d 825). The plaintiff may demand the production of additional witnesses "when it becomes apparent that the knowledge of the proffered official or officials is inadequate to produce testimonial and documentary evidence material and necessary to the prosecution of the action" (*D'Ulisse v Town of Oyster Bay, supra* at 826; *see also Fridenberger v Modayil, supra; Matter of Rattner v Planning Commn. of Vil. of Pleasantville, supra; Weiner v Jewish Home & Hosp. for Aged,* 243 AD2d 403; *Bennington v Metal Container Corp.,* 234 AD2d 407; *Perez v City of White Plains,* 222 AD2d 663; *Barbara v Brunswick Hosp. Ctr.,* 172 AD2d 792; *cf., Dwyer v State of New York,* 158 AD2d 660). Upon such application, the court can determine the Town's arguments, inter alia, that the demanded examinations impermissibly seek to discover the motivation behind the challenged actions (*see Kittinger v Buffalo Traction Co.,* 160 NY 377, 387; *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson, supra; Burack v Town of Poughkeepsie, supra; Kenford Co. v County of Erie,* 62 AD2d 1176) or are inquiries precluded by legislative immunity (*see Orange Lake Assoc. v Kirkpatrick,* 21 F3d 1214; *Orange v County of Suffolk,* 855 F Supp 620; *Searingtown Corp. v Incorporated Vil. of N. Hills,* 575 F Supp 1295). Smith, J.P., Friedmann, Adams and Townes, JJ., concur.