■ D & S REALTY DEVELOPMENT, LP, Respondent, v TOWN OF HUNTINGTON et al., Appellants, et al., Defendants. [802 NYS2d 206]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983, the defendants Town of Huntington and Town Board of the Town of Huntington appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 7, 2003, which denied their motion to quash five subpoenas served on nonparty former board members of the Town Board of the Town of Huntington directing them to appear for depositions, and granted the plaintiff's cross motion to compel their depositions.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the plaintiff's submissions in opposition to the motion to quash the subpoenas, and in support of the plaintiff's cross motion to compel depositions, sufficiently demonstrated that the witnesses produced by the defendants did not possess sufficient knowledge of the circumstances surrounding the challenged zoning amendment, and that such information was material and necessary in the prosecution of this action (*see Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 110 AD2d 840 [1985]; *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson*, 75 AD2d 611 [1980]; *cf. Colicchio v City of New York*, 181 AD2d 528, 529 [1992]). We note that the Supreme Court properly precluded questions as to the deponents' motives for enacting the subject zoning amendment but permitted questions as to its purpose (*see D & S Realty Dev. v Town of Huntington*, 295 AD2d 306, 308 [2002]; *Tilles Inv. Co. v Town of Oyster Bay*, 139 AD2d 575 [1988]; *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson, supra; Burack v Town of Poughkeepsie*, 32 AD2d 806 [1969])

In light of our determination, we need not reach the appellants' remaining contention. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.