■ TOWN OF BROOKHAVEN, Appellant, v ROBERT LIERE et al., Respondents. [805 NYS2d 135]—

In an action, inter alia, to permanently enjoin the defendants from using their property in violation of certain zoning ordinances of the Town of Brookhaven, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated January 22, 2005, as granted the defendants' motion to compel Senior Town Attorney Harold A. Steuerwald to appear for a deposition, and denied its cross motion for a protective order.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the defendants' motion to compel Senior Town Attorney Harold A. Steuerwald to appear for a deposition, and in denying the plaintiff's cross motion for a protective order. Since the Senior Town Attorney is employed by the plaintiff Town, he is subject to CPLR 3101 (a) (1), which provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action . . . by . . . a party, or the officer, director, member, agent or employee of a party." Furthermore, the defendants' submissions were sufficient to demonstrate that the witness previously produced did not possess sufficient knowledge of the circumstances surrounding the plaintiff's decision to institute

this action, and that such information was material and necessary in the prosecution of the defendants'. counterclaims (see D & S Realty Dev., LP v Town of Huntington, 22 AD3d 455 [2005]). To the extent that any information sought at the deposition implicates the attorney-client or attorney work product privileges, the plaintiff may take an appropriate objection at that time (see Matter of Fiore, 204 AD2d 637 [1994]; 305-7 W. 128th St. Corp. v Gold, 178 AD2d 251 [1991]). Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.