■ MIGUEL FIGUEROA et al., Appellants, v CITY OF NEW YORK, Respondent. [869 NYS2d 56]—

We note the four-year delay in litigation activity between the preliminary conference order (directing, inter alia, the depositions of "all parties" and production of the memo books of the officers who were in the police car) and the deposition of the officer who was driving the police car, and the five-month delay between that deposition and plaintiffs' service of a notice to produce mirroring the notice they had served 4½ years earlier. As the reasons for this inordinate delay do not appear, we cannot accept plaintiffs' argument that the loss of the officers' memo books and the unavailability for deposition of the second officer in the car were due to the delay caused by defendant's allegedly contumacious defiance of production notices and court orders that began to issue only five months before plaintiffs made their first motion to strike and less than a year before they made the instant motion to strike. In compliance with the preliminary conference order, defendant produced an officer for deposition, and it was under no obligation to produce the other officer (see Colicchio v City of New York, 181 AD2d 528, 529 [1992]) until directed by the court to do so "if still employed," and if not, then his last known address. Defendant's production of this former officer's last known address was in compliance with this directive. Similarly, with regard to the memo books, the court's compliance orders expressly recognized the possibility of their nonexistence, and defendant's providing of an affidavit of the still-employed officer that he could not locate his memo book after a diligent search was in compliance with those orders. We have considered plaintiffs' other arguments and find them unavailing. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.