■ ZAKKARIE CARLUCCI et al., Respondents, v CITY OF NEW YORK et al., Appellants, and STAR HOUSING et al., Appellants-Respondents, et al., Defendants. [932 NYS2d 66]—

The infant plaintiff allegedly sustained injuries as a result of exposure to lead while residing in a privately owned apartment in which he and his mother had been placed by the New York City Department of Homeless Services (NYCDHS). Defendants Star Housing and York Management contend that since they neither owned nor were in exclusive control of the apartment building, they are not liable for the infant plaintiff's injuries. However, the record evidence presents issues of fact whether Star and York, as managing agents of the portion of the building used by NYCDHS, created or contributed to the creation of the lead hazard by causing their agents to remove insulation and scrape lead paint off pipes in the apartment (*see German v Bronx United in Leveraging Dollars*, 258 AD2d 251 [1999]). This evidence includes correspondence between NYCDHS and York concerning repairs required in the apartment and performed by York and testimony that Star ran the homeless program, that Star caseworkers maintained an office on site to assist clients who needed repairs in their units, and that a construction company owned by a Star employee actually performed the repairs on the pipes.

Plaintiffs failed to show that information provided by former Commissioner Gibbs about the alleged policy disagreement within NYCDHS would be material and necessary to their prosecution of this action, which alleges negligent inspection and repair of the subject apartment, or that material and necessary information could not be obtained through document production and the deposition of other city officials (*see Colicchio v City of New York*, 181 AD2d 528 [1992]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.