■ JOSEPH LONIGRO, Respondent, v. BALTIMORE & OHIO RAILROAD COMPANY et al., Appellants.— In a negligence action under the Federal Employers' Liability Act by a conductor employed by the defendants, to recover damages for personal injury sustained in their railroad yard when a train's "gondola" car, on the side of which plaintiff was standing and signalling the train's movement, was sideswiped by another train's "gondola" car with a bulge or protrusion in its side, the defendants appeal from so much of an order of the Supreme Court, Richmond County, entered July 28, 1964 as denied their motion, pursuant to statute (CPLR 3103), for a protective order striking out certain provisions from plaintiff's notice which required the defendants to appear for pretrial examination by certain named persons and which also required the defendants to produce at such examination certain records, photographs, reports, statements and blueprints. Insofar as the motion was denied, the order also directed that the records, photographs, etc., as enumerated under the five items in plaintiff's notice, be produced "for discovery and inspection by the plaintiff." Order modified on the law and in the exercise of discretion as follows: (1) By striking out entirely the first decretal paragraph with respect to item No. 1 in the notice, and by substituting therefor a paragraph granting defendants' motion to the extent of deleting from the notice the said item and denying discovery and inspection to the plaintiff with respect to the records and the report specified therein, with leave to the plaintiff, however, if he be so advised, to move either during or after the pretrial examination, for the production and discovery of any specific records or documents; (2) By amending and limiting the second decretal paragraph with respect to item No. 2 in the notice, so as to grant defendants' motion to the extent of requiring the production for plaintiff's discovery and inspection of only those records which relate to the two "gondola" cars and the two trains involved in the accident; (3) By striking out entirely the fourth decretal paragraph with respect to item No. 4 in the notice, requiring defendants to produce for plaintiff's discovery and inspection all statements given by defendants' employees concerning the accident, and substituting therefor a paragraph granting defendants' motion to the extent of deleting entirely the said item from plaintiff's notice and denying discovery and inspection to the plaintiff of such statements, with leave to plaintiff, however, if he be so advised, to move either during or after the pretrial examination, for the production and discovery of any specific statements or reports; and (4) By amending the sixth decretal paragraph so as to strike out the names and the identity of the persons through whom the defendants shall be examined, and so as to direct that the defendants shall be examined by such person or persons with knowledge of the accident, whom the defendants shall select in the first instance, with leave to plaintiff, however, upon a showing that the person or persons produced have inadequate knowledge and that a further examination is necessary, to move for the examination of any specific person or persons having adequate knowledge. As so modified, the order, insofar as appealed from, is affirmed, without costs. The examination and the discovery and inspection in accordance with the order as here modified, shall proceed on 10 days' written notice or at such other times as the parties may mutually agree by written stipulation. In our opinion, the right of a corporate defendant to select, in the first instance, the person with knowledge of the accident by whom it will be examined, has not been changed by the enactment of CPLR (3101 et seq.). If such person proves to have inadequate knowledge or if a further examination is necessary, the plaintiff has an ade-

quate remedy by application to the court (*Spatz* v. *Somerstein Caterers*, 19 A D 2d 909; *Gross* v. *Price*, 2 A D 2d 707). Reports of accidents made by employees to their employers are not the proper subject of discovery (*Ciaffone* v. *Manhattantown*, 20 A D 2d 666; *Briant* v. *New York City Tr. Auth.*, 7 A D 2d 756). If, however, additional facts should demonstrate that the statements were made in the regular course of defendants' business and that such statements are admissible under the statute (CPLR 4518); or if the additional facts should show that the statements constitute admissions by the defendants (*Reed* v. *McCord*, 160 N. Y. 330; *Cianci* v. *Board of Educ.*, 18 A D 2d 930), then the statements would be subject to discovery. Under the facts of this case, orderly procedure dictates that the pretrial examination be held before any further attempt at discovery. The records, photographs, etc., now directed to be produced, may be sufficient for the plaintiff to prepare his case. If, during the pretrial examination or upon its completion, the existence of further specifically identifiable and relevant documentary evidence is ascertained by the plaintiff, he may move for its production and discovery, if so advised. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.