■ INSTRUCTIONAL TELEVISION CORP. et al., Respondents, v NATIONAL BROADCASTING COMPANY, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, defendants appeal from an order of the Supreme Court, Kings County, dated April 22, 1977, which denied their motion for a protective order vacating plaintiff's notice to take certain additional depositions and to produce all relevant records. Order reversed, with $50 costs and disbursements, and motion granted, without prejudice to a formal application by the plaintiffs for the taking of additional depositions upon a proper showing that the persons already deposed possessed insufficient knowledge of the relevant circumstances. The advent of the liberal modes of discovery (CPLR 3101 *et seq.)* has not altered the rule that a corporation may decide which of its officers, directors or employees shall represent it for the purposes of pretrial depositions (see *Lonigro v Baltimore & Ohio R. R. Co.,* 22 AD2d 918). If additional persons are sought to be deposed, the examining party must make a formal application to the court and must sustain the burden of showing that the corporate representatives already deposed possessed insufficient knowledge or were otherwise inadequate (see *Besen v C. P. L. Yachts Sales,* 34 AD2d 789). The plaintiffs neither

proceeded by making the appropriate motion, nor availed themselves of the opportunity of making the requisite showing while opposing defendants' motion for a protective order. The record on appeal indicates that the corporate representatives already deposed had complete and often firsthand knowledge of the relevant circumstances. Absent a showing of inadequacy, it was improper to deny the protective order sought under CPLR 3103. We also note that the request for the production of "all documents and things relating to the acts complained of" goes beyond the permissible bounds of CPLR 3111, which is intended to allow the production of documents as an incident to the deposition and not as an end in themselves (see *Grow Constr. Co. v State of New York,* 54 Misc 2d 108; *Arett Sales Corp. v Island Garden Center of Queens,* 25 AD2d 546). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.