■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v LARMAR ESTATES, INC., et al., Defendants, and HAROLD PEARLMAN, Appellant.—In an action on a series of promissory notes and on the guarantees of payment thereof, defendant Harold Pearlman appeals from so much of (1) an order of the Supreme Court, Nassau County, dated January 10, 1979, as denied his motion for an order of preclusion and directed the parties to appear for depositions, and (2) a further order of the same court, entered May 23, 1979, as denied his motion for a protective order, directed all parties to appear for depositions, and denied his motion to require plaintiff to submit to an examination by persons designated by him. Orders affirmed insofar as appealed from, with one bill of $50 costs and disbursements. The examinations shall proceed at the place designated in the order under review, at a time to be fixed by plaintiff in a written notice of not less than 10 days, or at such other time and place as the parties may agree. Appellant, Pearlman, had sought an order requiring the plaintiff, a corporation, to submit to an examination before trial of persons designated by him in the first instance. Ordinarily, a corporation has the right in the first instance to select the officers or employees through whom it is to be examined (see *Fernandez v St. John's Episcopal Hosp., South Shore Div.,* 70 AD2d 627). Only where special circumstances exist, may the probing party be permitted to designate the individuals who are to appear on behalf of the corporation (see, e.g., *Wallach v Northeast Airlines,* 15 Misc 2d 762). The appellant has not shown any special circumstances that would require deviation from the ordinary rule. Appellant is not foreclosed from seeking further discovery if the testimony of the representatives produced is inadequate, he specifically alleges the nature of the inadequacy and he demonstrates the relationship of that inadequacy to the affirmative claims asserted (see *Lounsbury v New York State Elec. & Gas Corp.,* 62 AD2d 1033). We have considered the other contentions of the appellant and find them to be without merit. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.