■ ERNEST L. DOW, Respondent, v XCITON CORPORATION, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered August 23, 1979 in Albany County, which denied defendant's motion for a protective order and ordered defendant to produce certain corporate officers for examination before trial. In connection with an action by plaintiff, a former president of the defendant corporation, to recover damages for breach of an employment contract, an examination before trial, pursuant to notice, of D. Frank Campito, chairman of defendant's board of directors, was held in January, 1979. Approximately six months later plaintiff requested an additional examination of three other members of defendant's board. Defendant declined and moved in Supreme Court for a protective order. Special Term denied defendant's motion and ordered that the three named directors of defendant appear for examination. This appeal ensued. The advent of the liberal modes of discovery (CPLR 3101 *et seq.*) has not altered the rule that a corporation may decide which of its officers or directors shall represent it for purposes of pretrial depositions (*Lonigro v Baltimore & Ohio R. R. Co.*, 22 AD2d 918). If the examining party decides that the corporate officer examined had inadequate knowledge of the central issues, he may move for examination of a specific officer, director or corporate employee and such relief shall be granted upon a showing of the inadequacy of the person first produced (*Carborundum Environmental Systems Canada v Nitec Paper Corp.*, 69 AD2d 981; *Glen 4912 Corp. v Strauss*, 44 AD2d 582). Here, no such motion was made by plaintiff. Instead, a second notice of examina-

tion of three specific corporate directors was served, prompting defendant to move for a protective order. In our view the order denying defendant's motion must be reversed. Over the years a considerable body of case law has developed the premise that the unsatisfied examiner must specifically prove the inadequacy of the witness first produced, as well as the relationship of that inadequacy to the plaintiff's cause of action (*S. S. Silberblatt, Inc. v American Pecco Corp.,* 52 AD2d 824; *Besen v C. P. Y. Yacht Sales,* 34 AD2d 789), and, further, that such a showing be made in motion form so as to permit the court to supervise the disclosure when the probing party seeks to annoy or harass the opposition (CPLR 3103, subd [a]; cf. *Lounsbury v New York State Elec. & Gas Corp.,* 62 AD2d 1033). We cannot condone procedural moves designed to effect the relief sought by the defendant acquiescing to the demand for production of additional officers or directors for examination, or being compelled, as here, to move for a protective order and thereby supply a forum wherein the plaintiff can obtain by indirection, if he successfully opposes the defendant's motion, that which the law charges him to do directly (but see *Instructional Tel. Corp. v National Broadcasting Co.,* 63 AD2d 644). Order reversed, on the law, with costs, and motion granted, without prejudice to a formal application by the plaintiff for the taking of additional depositions upon a proper showing that he is so entitled. Mahoney, P. J., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.