■ B & D JEWELRY CORPORATION, Appellant-Respondent, v DONNA SCHNEIER et al., Respondents-Appellants, and DESIGNS BY GLORY, LIMITED et al., Respondents. — Order, Supreme Court, New York County, entered May 22, 1980, which (1) denied the motion of plaintiff B & D Jewelry Corporation (B&D) for a preliminary injunction against defendants Donna Schneier (Schneier) and Una Donna Limited (Una Donna); (2) denied plaintiff's application for a direction to Schneier to turn over to B&D $390,000, alleged property of B&D; (3) denied

priority of discovery to plaintiff; (4) directed that the $390,000 be deposited with the clerk of the court pending further order of the court; and (5) granted plaintiff B&D a protective order as to defendants' notice for an examination before trial of Hersch Feig, (Feig), a named officer of B&D, unanimously modified, on the law and facts, and in the exercise of discretion, to permit defendants to examine Feig, and otherwise affirmed, without costs. Appeal from the order, Supreme Court, New York County, entered June 13, 1980, unanimously dismissed as moot, without costs, it appearing that the order has been complied with and the funds are now on deposit with the clerk of the court. As a general rule, a notice to depose a corporate party may not in the first instance designate the individuals by whom the corporate party is to be examined (SCM Corp. v Buehler, 33 AD2d 514; Federal Deposit Ins. Corp. v Larmar Estates, 73 AD2d 635). However, the special circumstances of this case warrant a departure from that rule. It is plain from the papers before the court that Feig is the sole officer of B&D having knowledge of the facts at issue. This was clear at the time of the motion for the protective order. It is further demonstrated by the fact that the officer produced by B&D is one of its lawyers who only became its president just before this lawsuit was instituted and after the bulk of the events which appear to form the basis for the lawsuit had occurred. Plainly, Feig is the person most likely to have knowledge of the facts upon which the examination is to be had. This is not really denied. It is clear that there is no other person who has equal or superior knowledge. As noted, the person produced does not have such knowledge. His knowledge is plainly severely limited. Under such special circumstances, compliance with the general rule is not required (Wallach v Northeast Airlines, 15 Misc 2d 762). Where it is palpable that only one person has the requisite knowledge and the person produced has little or no knowledge, a corporate party should not be permitted to hide behind the rule. Discretion requires that plaintiff be directed to submit to examination before trial by Hersch Feig. It appears that so much of the balance of Special Term's order as dealt with the remainder of the notice of deposition has now become moot. We are informed by counsel that discovery is proceeding under the supervision of Justice Herman Cahn. Defendants are entitled to examine Feig at a time and place to be agreed upon by counsel for the parties. If counsel are unable to agree within 10 days of the entry of this order, the Justice supervising discovery is directed to set the time and place for such examination. Concur — Fein, J. P., Sandler, Sullivan and Bloom, JJ.