■ MARK E. POWERS, Appellant, v EAST HUDSON PARKWAY AUTHORITY et al., Respondents, et al., Defendants. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Wood, J.), entered March 4, 1981, which granted the defendant East Hudson Parkway Authority's (Authority) motion for a protective order with respect to a further examination before trial of the Authority, and (2) as limited by his brief, from stated portions of an order of the same court (Burchell, J.), dated August 6, 1981, which, inter alia, granted the defendant East Hudson Parkway Authority's motion for a protective order striking the plaintiff's notice for discovery and inspection of documents and records and denied the plaintiff's cross motion to, inter alia, compel discovery against the defendants, the East Hudson Parkway Authority, the County of Westchester and the City of White Plains. Order entered March 4, 1981, reversed, without costs or disbursements, and the defendant East Hudson Parkway Authority's motion for a protective order is denied. Order dated August 6, 1981 reversed, insofar as appealed from, without costs or disbursements, and the defendant East Hudson Parkway Authority's motion for a protective order is denied and plaintiff's cross motion to compel discovery is granted to the following extent: (1) the defendant East Hudson Parkway Authority is directed to comply with the following requests designated in the notice for discovery and inspection dated April 3, 1981: numbers 1-3, 5, 13-18 and that portion of 4 requesting accident reports for 10 years before the accident; those portions of said demand numbered 7-10, 12, 19-25 are denied without prejudice to renewal if the existence of the reports, studies, and documents is established at the further deposition of the Authority; (2) the defendant County of Westchester is directed to comply with the notice for discovery and inspection dated December 30, 1980, and is directed to submit to further deposition, and (3) the defendant City of White Plains is directed to comply with the demands for insurance information and the names of witnesses. The time to provide plaintiff with the specified information is extended until 20 days after service upon the defendants in question of a copy of the order to be made herein, with notice of entry. The examinations before trial shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. On June 11, 1977 the motorcycle operated by the plaintiff skidded out of control on the access road joining Mamaroneck Avenue with the Hutchinson River Parkway. As a result of the accident the plaintiff suffered serious physical injuries. He asserts that the accident was caused by "the negligence of the defendants in the design, construction, repair and maintenance of the roadway". Specifically, it is claimed that soil, debris, sand and

water from the surrounding slopes were caused to accumulate and remain around a sharp curve in the access road with no warning to oncoming motorists. The plaintiff deposed a representative of the East Hudson Parkway Authority, the traffic engineer, who stated that he had only a general knowledge of the maintenance of the highway and that the individual who was responsible for maintenance was the Superintendent of Parkways. After the deposition, the traffic engineer corrected his transcript primarily to indicate that certain written material relating to maintenance did not exist or was not found. Thereafter the plaintiff served notice on the Authority to depose the Superintendent of Parkways. The Authority responded by moving for a protective order. The court, by order entered March 4, 1981, granted the Authority's motion on the basis that the deposition transcript considered with the correction sheet provided the plaintiff with responsive answers. We disagree. Even with the correction sheet the deposition of the traffic engineer does not supply the plaintiff with information concerning the Authority's maintenance of the roadway. The traffic engineer was not a person with knowledge of an important issue. The superintendent apparently is the proper person and the plaintiff is entitled to depose him or, in view of the fact that the Authority is now defunct, another person with knowledge of maintenance and the department that performed it. After the order was entered preventing further deposition of the defendant Authority, the plaintiff served the Authority with a notice for discovery and inspection, listing 25 categories of records, reports, maps and studies. At that time, the County of Westchester had not complied with another notice of discovery and inspection served on it by the plaintiff and had prevented further deposition of itself by the plaintiff. The City of White Plains had failed to respond to demands for insurance information and the names of witnesses. The Authority again moved for a protective order, claiming that it had provided the plaintiff with numerous documents. The plaintiff cross-moved primarily to compel compliance with his discovery requests of the Authority, the County of Westchester, and the City of White Plains. The court granted the Authority's motion, denied the plaintiff's cross motion, and stated that there has been enough discovery and that the case "should now proceed expeditiously to trial". We disagree. The plaintiff has discovered no information on the major issues of his case concerning the design, construction and maintenance of the access road. The documents requested by the plaintiff from both the Authority and the county are material and relevant and have not otherwise been voluntarily supplied. Certain demands on the Authority are being deferred until the deposition of a representative with knowledge so as to prevent a burdensome search by a person unfamiliar with maintenance and the existing records of the maintenance department. The county must be further deposed. The representative it presented for examination was unfamiliar with the county's responsibility for the design and construction of the access road. The City of White Plains as a party defendant must comply with the demands for insurance information and the names of witnesses. Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.