■ ROCHELLE ROSNER, Appellant, v MAIMONIDES HOSPITAL, Respondent, et al., Defendant. — In an action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Kings County (Beckinella, J.), dated September 29, 1980, which, *inter alia,* granted the defendant hospital's motion to quash subpoenas served upon four of its employees, and (2) as limited by her brief, from so much of a further order of the same court (Leone, J.), dated May 22, 1981, as, upon reargument, adhered to its original determination. Appeal from the order dated September 29, 1980, dismissed as adacemic. Said order was superseded by the order, dated May 22, 1981, issued upon reargument. Order dated May 22; 1981, affirmed insofar as appealed from, without prejudice to a formal application by the plaintiff for the taking of additional depositions consistent herewith. Respondent is awarded one bill of $50 costs and disbursements. This action was commenced by service of a summons and verified complaint upon the defendant hospital on or about February 9, 1979. Although named as a defendant in the action, Dr. Stanley Dratler was never served. The complaint alleges that on or about December 23, 1977 the plaintiff was a patient at the defendant hospital and that defendant Dratler, a resident physician in the hospital's employ, wrongfully and maliciously injected her with valium and proceeded to have sexual intercourse with her while she was in a drugged and helpless state. The complaint against the hospital contains two causes of action. The first asserts that Dratler's acts were

committed with knowledge, express or implied, of the defendant hospital and constituted a grossly negligent and willful interference with the plaintiff's person. The second cause of action asserts a breach of the hospital's contractual duty to the plaintiff to furnish her with competent and adequate medical care in conformity with the recognized practice in the community, and to keep her free from harm and danger while at the hospital. On March 6, 1980, pursuant to court order, Edith Steinberg, the supervisor of medical correspondence in the defendant hospital's medical records department, was deposed. She produced the plaintiff's medical record and testified as to its completeness. Ms. Steinberg asserted, however, that she did not know Dr. Dratler and had no knowledge of either the manner in which employee personnel files are kept in the hospital or the process by which residents and interns are selected for matriculation. Upon inquiry as to who would have that knowledge, Ms. Steinberg replied that she thought that the individual departments in the hospital would have the information. Upon further questioning, Ms. Steinberg offered the names of four hospital officials: the current administrator of the hospital, the head of the personnel records department, and two physicians who were the heads of medical service. On or about April 25, 1980 plaintiff served subpoenas and notices to take deposition upon each of the four individuals named by Ms. Steinberg. Each subpoena called upon the named individual to appear at 2:00 P.M. on May 29, 1980. On May 22, 1980 the defendant hospital moved for an order quashing the subpoenas. Special Term granted the motion and subsequently adhered to its determination upon reargument. We now affirm. The liberalization of discovery procedures (see CPLR 3101 *et seq.*) has not altered the general rule that, in the first instance, a corporation may designate which of its officers, directors or employees shall represent it for the purposes of pretrial depositions (see *Instructional Tel. Corp. v National Broadcasting Co.,* 63 AD2d 644; *Lonigro v Baltimore & Ohio R.R. Co.,* 22 AD2d 918). Where additional persons are sought to be deposed, the examining party must make a formal application to the court and must carry the burden of demonstrating that the corporate representatives already deposed possessed insufficient knowledge or were otherwise inadequate (see *Besen v C.P.L. Yacht Sales,* 34 AD2d 789). In the instant case, it is essentially conceded that Ms. Steinberg did not possess adequate knowledge in view of the nature of the plaintiff's causes of action. Nevertheless, plaintiff failed to make an appropriate motion for further discovery and, although the defendant hospital offered to produce one of the individuals named by Ms. Steinberg, the plaintiff proceeded to serve subpoenas on all four of the named individuals. Those individuals, each of whom is an important hospital official, were all commanded to appear on the same date and at the same time. Under these circumstances, we hold that Special Term did not abuse its discretion in granting the motion to quash (see CPLR 3103, subd [a]; *Dow v Xciton Corp.,* 75 AD2d 972). If she is so advised, the plaintiff may make a proper application for further discovery so as to permit the court to supervise disclosure and to avoid harassment and minimize inconvenience to the hospital (see *Dow v Xciton Corp., supra,* at p 973). Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.