■ THOMAS SCHILLACI, Appellant, v JAMAICA SAVINGS AND LOAN, Respondent. (And a Third-Party Action.) — In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 30, 1982, which denied his motion for a further examination before trial of the defendant by certain employees. Order reversed, with $50 costs and disbursements, and motion granted. The defendant is directed to produce for a further examination before trial the three employees whose testimony is sought by the plaintiff. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. Notwithstanding the liberalization of discovery procedures (see CPLR 3101 *et seq.*), it remains the rule that, in the first instance, a corporation may designate which of its officers, directors or employees shall represent it for the purposes of pretrial depositions (see, e.g., *Rosner v Maimonides Hosp.,* 89 AD2d 847; *Instructional Tel. Corp. v National Broadcasting Co.,* 63 AD2d 644). Where additional persons are sought to be deposed, the examining party must carry the burden of demonstrating that corporate representatives already deposed possessed insufficient knowledge or were otherwise inadequate (see, e.g., *Besen v C. P. L. Yacht Sales,* 34 AD2d 789). In the case at bar, the plaintiff has made a sufficient showing that the witness produced by the defendant corporation was inadequate and that the three named employees of the defendant whom plaintiff seeks to depose are in possession of information which is material and necessary to the prosecution of the cause of action. Accordingly, Special Term erred in denying the plaintiff's motion for a further examination before trial of the three named employees. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.