■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. — In a contract action to recover on a fire insurance policy, plaintiff appeals from an order of the Supreme Court, Kings County (Pino, J.), dated May 26, 1982, which granted defendant's motion to strike the complaint unless plaintiff appears for an oral deposition "by an officer, director, member or employee with knowledge of the facts and circumstances relative to the action", and denied plaintiff's cross motion to strike defendant's answer. Order modified by deleting therefrom the provision granting the defendant's motion, and motion denied without prejudice to a renewal of the motion following the examination of the person designated by the plaintiff to be examined in the first instance and upon a proper showing that the person deposed possessed insufficient knowledge of the relevant circumstances. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. A corporation may select in the first instance the person through whom it is to be examined (see *Federal Deposit Ins. Corp. v Larmar Estates,* 73 AD2d 635; *Carborundum Environmental Systems Can. v Nitec Paper Corp.,* 69 AD2d 981). If it should develop upon the examination that the person produced has inadequate knowledge, the probing party may seek further discovery (*id.*). In the present case, in which plaintiff mortgagee seeks to recover for a fire loss from the defendant insurer of the mortgaged property, defendant ascertained from the agent designated by plaintiff to be deposed only that he was not an employee or officer of the plaintiff. He was, rather, the loan servicing manager of a corporation employed by plaintiff. Defendant thereupon refused to examine the witness, notwithstanding that, when questioned by plaintiff, for the record, the witness stated

that, as the loan servicing manager of the corporation employed by plaintiff to handle "all the servicing of the mortgage [to] make sure all the collections are done, taxes are paid and current fire policies [are] in effect at all times", he was familiar with the contents of the file, which he had brought with him, relating to the subject property. The witness further testified that he was familiar with the subject premises and had personally viewed those premises. We note that the notice to depose stated, in conformity with CPLR 3101, that the person to be deposed should be "an officer, *agent,* servant or employee with knowledge of the facts" (emphasis supplied). Having failed to examine the witness who was properly selected by plaintiff in the first instance, defendant cannot demonstrate that the witness did not, in fact, possess sufficient knowledge of the relevant circumstances (cf. *Instructional Tel. Corp. v National Broadcasting Co.,* 63 AD2d 644). Defendant's statement, in support of the motion to strike the complaint, that the witness could have no knowledge of whether plaintiff had made a policy decision to permit the property to deteriorate, an issue central to its defense, finds no support in the record, inasmuch as defendant posed no substantive questions to the witness. Upon proper questioning, the witness' claimed personal knowledge of the property and of the file might well reveal the "policy" or in other ways bear upon defendant's position in the lawsuit. Defendant's motion was, therefore, premature at the least. Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.