■ DURINDA HUGHSON, an Infant, by Her Father and Natural Guardian, WILLIAM HUGHSON, et al., Appellants, v ST. FRANCIS HOSPITAL OF PORT JERVIS, Respondent, et al., Defendants. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Orange County (Isseks, J.), dated August 12, 1982, which denied their motion for a further examination before trial of defendant St. Francis Hospital of Port Jervis. Order reversed, with costs, and motion granted. The defendant hospital shall appear for a further pretrial examination by the specified employee and produce its policy and procedure manuals for its laboratory, which manuals were in effect in September, 1975. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by the plaintiffs, or at such other time and place as the parties may agree. This medical malpractice action was commenced to recover damages for injuries sustained to the infant plaintiff during gestation, delivery and postdelivery (see *Hughson v St. Francis Hosp. of Port Jervis,* 92 AD2d 131, 93 AD2d 491). This appeal stems from the denial of plaintiffs' motion seeking to depose the defendant hospital by its director of laboratories, for the purpose of determining "the availability of certain laboratory tests to evaluate placental functions during the course of this pregnancy" and to procure the hospital's policy and procedure manuals for its laboratory that were in effect in September, 1975, the time of the infant plaintiff's birth. Special Term denied the motion on the ground that "[t]he individual who is requested to be examined has no knowledge of the treatment herein". We reverse. In our view, the fact that the director of the hospital's

laboratory does not possess personal knowledge of the infant's treatment is not fatal to plaintiffs' motion. What is important is whether the witness possesses knowledge of the facts bearing on the issues in the case which will assist the plaintiffs in preparation for trial (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Here, the unavailability of the tests involving placental functions might demonstrate a deviation from the general standard of hospital care (see, generally, *Horton v Niagara Falls Mem. Med. Center,* 51 AD2d 152), and a violation of its own rules would constitute evidence of the hospital's negligence (see *Haber v Cross County Hosp.* 37 NY2d 888). If the tests were actually available, this would contradict the testimony of the codefendant physicians (see *Richard v New York City Tr. Auth.,* 47 Misc 2d 669; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.23), and might constitute evidence of the doctors' failure to exercise reasonable care (see *Pike v Honsinger,* 155 NY 201; *Spadaccini v Dolan,* 63 AD2d 110). Under the circumstances, it was an abuse of discretion for Special Term to have denied the motion (see *Rosner v Maimonides Hosp.,* 89 AD2d 847). Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.