JMJ Contract Management, Inc., Respondent, v Ingersoll-Rand Company, Appellant.

Third Department, April 12, 1984

**APPEARANCES OF COUNSEL**

*Hinman, Howard & Kattell* (*James L. Chivers* and *Timothy J. Koval* of counsel), for appellant.

*Donald S. Gresko* for respondent.

**OPINION OF THE COURT**

Main, J.

In this breach of contract action, plaintiff served written interrogatories upon defendant corporation. These interrogatories were answered by an employee of defendant, but plaintiff, contending that this employee did not possess sufficient knowledge to provide the information sought, served notice upon defendant to take depositions upon oral questions of 19 of its employees, who plaintiff believed had sufficient knowledge to provide the desired information. Defendant then moved for a protective order striking the notice to take depositions upon oral questions on the ground that a corporation has the right, in the first instance, to determine which employee will be so examined.

Special Term granted the protective order in part, limiting the depositions upon oral questions to three of defendant's employees. Special Term concluded that, the knowledge of the employee designated to speak on defendant's behalf in the first instance having proved inadequate, plaintiff could now designate employees with sufficient knowledge to provide the desired information, although sufficient reason to examine only three of defendant's employees was presented. Defendant appeals from this determination.

Special Term's order must be affirmed. It is well settled that a corporation has the right to designate, in the first instance, the employee who shall be examined (see, e.g., *Federal Nat. Mtge. Assn. v New York Prop. Ins. Underwriting Assn.,* 90 AD2d 787). We agree with Special Term, however, that this is not a case where defendant corporation is attempting to designate who should speak for it in the first instance. Plaintiff sought specific information in its written interrogatories. Defendant provided answers through an employee chosen by it. This information proved inadequate and plaintiff now seeks disclosure of the information by means of depositions upon oral questions from particular employees. Thus, defendant corporation had an opportunity to designate an employee to provide plaintiff with the information it seeks and, having provided an individual without sufficient knowledge, defendant is now subject to plaintiff's further requests for the information (see *supra*).

The fact that the disclosure device utilized in the first instance was different from the disclosure device employed subsequently does not require application of the well-settled rule recited above. To permit a defendant to designate another individual, who might again have inadequate information, or even the person previously designated, who is already known to possess inadequate information, would be contrary to "[t]he purpose of disclosure [which] is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits" (*Rios v Donovan,* 21 AD2d 409, 411; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:4, p 10). It would simply be counterproductive to permit a corporation to designate the person to be examined each

time a different disclosure device was used, even though the information sought was the same. This is especially so in light of the facts that there is generally no statutory priority in the use of disclosure devices or limit on the number of times a disclosure device may be used against the same party (see, e.g., *Bassett v Bando Sangsa Co.,* 94 AD2d 358, 360; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:2, pp 8-9). Accordingly, a corporation's right to produce, in the first instance, the person through whom disclosure is to occur depends not on the form of the disclosure, but on the nature of the information sought. Once a corporation designates an individual whose information proves inadequate, the corporation can be forced to provide individuals sought by the examining party, regardless of whether the subsequent disclosure device is the same as the initial disclosure device.

We add that a court's duty to oversee disclosure (see CPLR 3103) in the situation presented by a case such as this is particularly acute. Thus, special care must be taken to ensure, for example, that corporate officials are not unreasonably harassed and that the information disclosed by an employee not designated by the corporation is limited to that originally sought. Along these lines, we further add that, as the court did in this case, a protective order adjusting the disclosure can be issued (see CPLR 3103, subd [a]) and that, if new information is sought, the corporation can once again designate who shall speak for it in the first instance with regard to the new information.

The order should be affirmed, without costs.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.