In the Matter of MARSHALL RATTNER et al., Petitioners, v PLANNING COMMISSION OF THE VILLAGE OF PLEASANTVILLE et al., Respondents. (Matter No. 1.) BOARD OF TRUSTEES OF THE VILLAGE OF PLEASANTVILLE et al., Appellants, v MARSHALL RATTNER et al., Respondents, et al., Defendant. (Matter No. 2.)

Under the circumstances at bar, Special Term did not abuse its discretion when it denied appellants' motion for a protective order pursuant to CPLR 3103 (a) and allowed respondents in matter No. 2 to examine the members of the Village Board of Trustees and Planning Commission of the Village of Pleasantville. Special Term properly found that the conclusory assertions contained in the affirmation submitted by appellants' attorney in support of the motion were insufficient to establish that the examinations of the additional village officers would result in "unreasonable annoyance, expense [or] embarrassment" (CPLR 3103 [a]; *see, Carberry v Bonilla,* 65 AD2d 613). Appellants are correct that, in accordance with the principle applicable at the time that the challenged notices of deposition were served, the village could designate, in the first instance, the officers or employees to be produced for the examinations before trial and the burden was on the examining party, respondents, to make a formal application to the court to depose additional individuals, based upon a showing that the representatives of the village already deposed possessed insufficient knowledge of the relevant facts or were otherwise inadequate (*JMJ Contract Mgt. v Ingersoll-Rand Co.,* 100 AD2d 291, 292; *Federal Natl. Mtge. Assn. v New York Prop. Ins. Underwriting Assn.,* 90 AD2d 787; *Rosner v Maimonides Hosp.,* 89 AD2d 847, 848; *Consolidated*

*Petroleum Term. v Incorporated Vil. of Port Jefferson,* 75 AD2d 611, 612; *Instructional Tel. Corp. v National Broadcasting Co.,* 63 AD2d 644).

Nevertheless, the affirmation submitted by respondents' attorney in opposition to appellants' motion for a protective order sufficiently demonstrated the necessity for the examinations of the members of the Village Board of Trustees and the Planning Commission of the Village of Pleasantville in order to obtain evidence relevant to the tenth affirmative defense to the declaratory judgment action (Matter No. 2), asserting that the Village Board of Trustees, Planning Commission and various village officers engaged in a course of conduct "to selectively enforce the Zoning Laws to the detriment of the defendants" and "have acted and are acting in concert to deny the RATTNER Defendants the equal protections of the law and their due process rights" (*cf. Instructional Tel. Corp. v National Broadcasting Co.,* 63 AD2d 644, 645, *supra*). The Building Inspector of the Village of Pleasantville, whose deposition has been completed, lacked personal knowledge of the deliberations of the Planning Commission which resulted in the denial of the original site plan application. According to respondents' attorney, the partially completed deposition of the Village Administrator and Zoning Enforcement Officer of the Village of Pleasantville revealed that the members of the Planning Commission denied the site plan application with the knowledge that their conduct was improper and that the Village Board of Trustees was aware of the futility of the appeal they authorized in the proceeding pursuant to CPLR article 78 which sought judicial review of the determination of the Planning Commission. Indeed, this court has already decided that appeal, by affirming the judgment annulling the determination of the Planning Commission (*see, Rattner v Planning Commn.,* 103 AD2d 826). In a prior decision in the declaratory judgment action (Matter No. 2), dated January 19, 1984, Justice Stolarik took note of certain "bad faith" conduct of the Planning Commission relating to the matters involved in the instant appeal. In a subsequent decision, entered April 13, 1984, in which he denied appellants' motion for a preliminary injunction in the declaratory judgment action, Justice Stolarik observed, "It would also appear that vociferous neighborhood opposition to defendant's [*sic*] utilization of the premises has unduly influenced plaintiff's [*sic*] action 'reinterpreting' the provisions of their zoning ordinance". Under the particularly egregious circumstances described, respondents have sufficiently demonstrated that they are entitled to conduct depositions of the members of the Village Board of Trustees and Planning Commission, whose decisions have resulted in the delay and prolon-

gation of litigation preventing a resolution of the matters at issue (*cf. Schillaci v Jamaica Sav. & Loan,* 90 AD2d 770; *Powers v East Hudson Parkway Auth.,* 88 AD2d 948; *B & D Jewelry Corp. v Schneier,* 78 AD2d 809; *Free Synagogue v Board of Estimate,* 57 Misc 2d 80). Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.