■ MAUREEN DWYER, as Guardian ad Litem of FRANCES DWYER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 72383.)

This is a claim to recover damages for personal injuries sustained by the claimant's daughter while the daughter was a patient at Kingsboro Psychiatric Center. The claimant informed the New York State Commission on Quality of Care for the Mentally Disabled (hereinafter the Commission) of her daughter's alleged injuries and the Commission commenced an investigation into the incident. The Commission apparently documented some of its findings concerning Kingsboro Psychi-

atric Center in a report which reviewed the living conditions in nine New York State mental institutions. The report allegedly contained reference to this action in a footnote which stated that a claim was made against the State of New York concerning injuries sustained by a young woman when she burned her face on an exposed pipe in Kingsboro. The claimant seeks to depose Clarence Sundram on the basis that he was the Chairman of the Commission when the investigation was conducted and the report issued. This report is not contained in the record on appeal and it is, apparently, solely on the basis of this one footnote that the claimant seeks to depose Clarence Sundram.

In its motion papers in the Court of Claims, the State argued, *inter alia,* that the subpoena to depose Mr. Sundram should be quashed or a protective order granted since Mr. Sundram did not participate in this investigation by the Commission and he has no personal knowledge of the findings. The Court of Claims denied the motion. We now reverse and hold that the State is entitled to the relief requested.

The record reveals that Mr. Sundram is not an employee of Kingsboro Psychiatric Center. Moreover, the claimant has made no showing that he possesses personal knowledge of any facts bearing on the issues in the case which will assist the claimant in preparation for trial *(see, Hughson v St. Francis Hosp.,* 96 AD2d 829). Nor has the claimant demonstrated that its prior discovery is otherwise inadequate *(see, Garden State Brickface Co. v Stecker,* 130 AD2d 707, 708; *Matter of Rattner v Planning Commn.,* 110 AD2d 840; *Rosner v Maimonides Hosp.,* 89 AD2d 847).

In view of our determination, we do not reach the defendant's contentions that Education Law § 6527 (3) and/or a public interest privilege preclude the claimant from deposing Mr. Sundram. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.