■ HELEN PRINCE, Appellant, v ANTHONY DIBENEDETTO et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. SODA SYSTEMS, INC., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.) dated December 5, 1989, as denied her motion pursuant to CPLR 3214 to compel the third-party defendant Soda Systems, Inc., by its president, to appear for an examination before trial, and (2) a judgment of the same court dated September 20, 1991, which, upon an order of the

same court, entered June 10, 1991, granting the motion by Soda Systems, Inc., for summary judgment dismissing the complaint and the third-party complaint, dismissed the complaint and in effect, dismissed the third-party complaint.

Ordered that the appeal from the order dated December 5, 1989, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered June 10, 1991, and so much of the order dated December 5, 1989, as denied the plaintiff's motion pursuant to CPLR 3214, are vacated, the motion by Soda Systems, Inc., is denied, the plaintiff's motion to compel the defendant Soda Systems, Inc., by its president, Edward Sellian, to appear for an examination before trial, is granted, and the examination before trial shall be held at a time and place to be specified in a written notice of at least 10 days, to be given to the defendant Soda Systems, Inc. by the appellant, or at such time and place as the parties may agree; and it is further,

Ordered that the defendants' time in which to serve an answer is extended until 30 days after service upon them of a copy of this decision and order with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff brought this action against the defendants Anthony DiBenedetto, Dolores DiBenedetto, and Florence Mauro (hereinafter DiBenedetto and Mauro), as owners of a building located at 34 Garden Street in New Rochelle, Westchester County, to recover damages for personal injuries she suffered when she fell while walking down a series of steps at her place of employment. DiBenedetto and Mauro commenced a third-party action against the tenant of the building, the third-party defendant Soda Systems, Inc. (hereinafter Soda Systems), who was also the plaintiff's employer at the time of the accident. Soda Systems operated its business out of 34 Garden Street and an adjoining building, 10 Cottage Place. The buildings shared a common wall, and a doorway was built into the wall providing access between the buildings.

Soda Systems moved for summary judgment dismissing the complaint and the third-party complaint, claiming that the

deposition testimony of the plaintiff and an employee of Soda Systems who witnessed the accident established that the plaintiff fell in 10 Cottage Place, rather than 34 Garden Street. It essentially argued that the plaintiff had brought the action against the wrong parties, and that the complaint against DiBenedetto and Mauro, and therefore, the third-party complaint against it, must be dismissed. The court granted the motion, stating that the plaintiff had not presented any evidence that the location of her accident was not in 10 Cottage Place, a building not owned by DiBenedetto and Mauro. The plaintiff now appeals, claiming that her deposition testimony, which was attached to her papers in opposition to the motion of Soda Systems, was sufficient to raise a triable issue of fact as to the location of the accident, i.e., whether it occurred in 34 Garden Street. We agree.

It is well settled that once a party moving for summary judgment has made a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562), the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish material issues of fact which require a trial of the action *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York, supra,* at 562). Here, the portions of the deposition testimony submitted by Soda Systems in support of its motion for summary judgment established that the location of the plaintiff's accident was 10 Cottage Place, and therefore, that she brought this action against the wrong party. In opposition to the motion of Soda Systems, however, the plaintiff submitted her deposition testimony in which she stated that the location of her accident was 34 Garden Street, thus contradicting the testimony of Soda Systems's witness. We note that the plaintiff and Soda Systems's witness to the accident do not disagree as to which series of steps upon which the plaintiff's accident occurred. Their disagreement concerned the building in which these steps were located. Without any further evidence to establish which witness was correct, we find that the plaintiff raised a question of fact sufficient to require denial of the motion for summary judgment.

Since Soda Systems's witness had no knowledge concerning any repairs or maintenance made to the premises in issue, and the plaintiff's allegations of negligence concerned this

very issue, we find that the plaintiff's motion to compel the oral examination of Edward Sellian, the president of Soda Systems, on this issue, should have been granted *(see, Powers v East Hudson Parkway Auth.,* 88 AD2d 948). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.