RONALD THOMAS et al., Appellants, v GOOD SAMARITAN HOSPITAL, Respondent, et al., Defendants. [655 NYS2d 89] —In a medical malpractice action, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated February 6, 1996, as granted the motion of the defendant Good Samaritan Hospital pursuant to CPLR 3103 (a) and determined that Fred Landon, Risk Manager of the hospital, need not appear for an examination before trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

Given that an officer of the corporate defendant Good Samaritan Hospital, Fred Landon, submitted an affidavit asserting that he had no personal knowledge of any of the facts of this case, the plaintiffs are not entitled to demand his deposition merely because he verified the pleadings pursuant to

CPLR 3020 (d) (1) (*see, Miceli v Riley,* 51 AD2d 972; *cf., SPA Realty Assocs. v Springs Assocs.*, 155 AD2d 839). The corporate defendant may, in the first instance, designate which of its officers to produce for a deposition on its behalf (*see, Rosner v Maimonides Hosp.*, 89 AD2d 847, 848; *Lonigro v Baltimore & Ohio R. R. Co.*, 22 AD2d 918). Thus, the court did not improvidently exercise its discretion in modifying its preliminary conference order which had directed Landon's appearance (*see generally, Liss v Trans Auto Sys.*, 68 NY2d 15, 20).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.