■ ELAINE GELDA et al., Appellants, v COSTCO WHOLESALE CORP., Respondent. [933 NYS2d 611]—

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to compel the defendant to produce additional employees for depositions. A corporation has the right to designate, in the first instance, which of its employees will appear for a deposition (*see Trueforge Global Mach. Corp. v Viraj Group*, 84 AD3d 938, 939 [2011]; *Aronson v Im*, 81 AD3d 577 [2011]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]). The plaintiffs failed to sustain their burden of demonstrating that the defendant's employee who was already deposed had insufficient knowledge or was otherwise inadequate, and that there was a substantial likelihood that the additional employees of the defendant sought for depositions possessed information that was material and necessary to the prosecution of the action (*see Conte v County of Nassau*, 87 AD3d 559, 560 [2011]; *Thristino v County of Suffolk*, 78 AD3d 927, 927-928 [2010]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d at 803-804). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.