A.C. v City of New York (2025 NY Slip Op 51758(U))

[*1]

A.C. v City of New York

2025 NY Slip Op 51758(U)

Decided on November 6, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through November 12, 2025; it will not be published in the printed Official Reports.

Decided on November 6, 2025
Supreme Court, New York County

A.C., J.C., Plaintiff,

against
The City of New York, The New York City Department of Transportation, The Archdiocese of New York, Defendant.

Index No. 160354/2018

For Defendants The Archdiocese of New York and The Trustees of St. Patrick's Cathedral:
Peter James Johnson, Esq. LEAHEY & JOHNSON, P.C.
120 Wall Street, Suite 2220
New York, NY 10005
(212) 269-7308
For Plaintiffs:
David N. Sloan, Esq.
600 Old Country Road, Room 450
Garden City, NY 11530
(516) 333-2300

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63 were read on this motion for DISCOVERY.
Defendants Archdiocese of New York and The Trustees of St. Patrick's Cathedral (together, the "Moving Defendants") move, pursuant to CPLR article 31 and in particular CPLR § 3103(a)—(b), for a protective order (i) striking Plaintiffs' notice of deposition directed to Cardinal Timothy Dolan, Archbishop of New York ("Cardinal Dolan"); (ii) staying any such deposition pending determination of this motion; and (iii) granting such other and further relief as is just and proper. The motion is granted for the reasons that follow.
BACKGROUND AND PROCEDURAL HISTORY
This action arises from a December 29, 2017 incident near St. Patrick's Cathedral in which Plaintiff-father alleges he tripped over a granite block while carrying the infant-plaintiff along Fifth Avenue at East 50th Street during the holiday pedestrian surge. Plaintiffs plead that the size, design, and placement of the granite blocks created a dangerous condition. The record reflects, however, that in mid-2017—following a Times Square vehicle-ramming attack—the New York City Police Department ("NYPD") Counterterrorism Division, with New York City Department of Transportation ("NYC DOT") materials and contractors, deployed heavy temporary barrier devices, including granite blocks, at approximately twenty identified high-risk sites citywide, including St. Patrick's, as an emergency countermeasure until permanent bollards could be installed. The City's witness (Sgt. Wingert) and the Cathedral's witness (Kevin Donohue, then Director of Operations; now Executive Director) testified that the NYPD selected, [*2]arranged, and directed the placement of the devices; the Cathedral had no authority over the "what" or "where," and simply cooperated for public safety. Plaintiffs previously deposed Sgt. Wingert (City) and Donohue (Moving Defendants). Plaintiffs thereafter noticed the deposition of Cardinal Dolan. The Moving Defendants seek a protective order quashing that notice.

 ARGUMENTS
Moving Defendants contend that corporate parties are ordinarily entitled to designate their own witness for an entity deposition; a further deposition of a different, specific official—particularly a high-ranking one—requires a threshold showing that the first witness was inadequate and that the proposed deponent likely possesses unique, material, non-duplicative information. They argue Plaintiffs made no such record during or after Donohue's deposition and, indeed, closed questioning without reserving rights; Plaintiffs never moved to compel. On the merits, they assert the undisputed proof shows the NYPD made and executed all placement decisions; Cardinal Dolan had no operational role, and his correspondence with the Mayor merely expressed gratitude for City protection measures.
Plaintiffs respond that Donohue's knowledge was "incomplete," that Cardinal Dolan was "personally involved" in discussions with the Mayor concerning protective measures, and that only the Cardinal (or someone present for those discussions) can explain the "selection, planning, and placement" of the granite blocks and the choice to use "non-conforming" stones rather than concrete barriers/bollards. In the alternative, Plaintiffs suggest Moving Defendants produce another knowledgeable witness who was actually present for any Cardinal—Mayor discussions.

DISCUSSION
New York's disclosure scheme requires "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR § 3101[a]), but discovery is not unbounded. Courts "may at any time" issue a protective order to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (CPLR § 3103[a]; see also Coffey v Orbachs, Inc., 22 AD2d 317, 319 [1st Dept 1964][protective orders are a procedural safeguard]; Jones v Maples, 257 AD2d 53 [1st Dept 1999][guarding against undue burden and harassment]). Where discovery targets an entity, the entity may, in the first instance, designate which of its employees will represent it for the purposes of pretrial depositions (Faber v New York City Tr. Auth., 177 AD2d 321, 322 [1st Dept 1991]; see Gelda v Costco Wholesale Corp., 89 AD3d 1058 [2d Dept 2011]; Federal Deposit Ins. Corp. v Larmar Estates, 73 AD2d 635 [2d Dept 1979]).
To compel an additional deposition of a different specific witness, the requesting party must demonstrate both (1) that prior witnesses "had insufficient knowledge," and (2) "the substantial likelihood" the newly sought deponent has "information material and necessary to the prosecution of the case" (Broderick v Edgewater Park Owners Coop., Inc., 161 AD3d 715 [1st Dept 2018]; see Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 731—732 [2d Dept 2011]; Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 41 AD3d 362 [1st Dept 2007]). This showing should be made by motion to compel—not by issuing a unilateral notice that effectively forces the other side to move for protection (Dow v Xciton Corp., 75 AD2d 972 [3d Dept 1980][disapproving "procedural moves" that obtain indirectly what the law requires to be sought directly by motion]).
Courts also afford "special care" when discovery is aimed at senior or high-ranking officials—sometimes called the "apex" doctrine—because of the potential for disruption and harassment; such depositions are warranted only in "compelling circumstances," typically where the official has unique, non-duplicative, first-hand knowledge not available from other sources (see ARK13 v Archdiocese of New York, Index No. 950039/2019 [Sup Ct, NY County 2024] [granting protective order barring deposition of Cardinal Dolan]; Martin v Valley Natl. Bank, 140 FRD 291, 314 [SD NY 1991]). Within the Appellate Division, First Department, the principle has been applied to senior ecclesiastical officials as well (see Matter of Lange v Roman Catholic Diocese of Dallas, 170 Misc 2d 43, 45—47 [Sup Ct, NY County 1996], aff'd Matter of Law Offices of Paul A. Lange, 245 AD2d 118, 119 [1st Dept 1997] [protective order appropriate [*3]where entity had already produced knowledgeable witnesses and movant failed to identify any unique, non-duplicative information held by the Cardinal]).
On this record, Plaintiffs have not demonstrated that the corporate witness produced— Donohue, a 21-year Cathedral operations executive—was "insufficient," or that Cardinal Dolan possesses unique, non-duplicative information that is "material and necessary" to the pleaded claims. Donohue provided a chronological account of his communications with NYPD Counterterrorism, the emergency nature of the deployment after the May 2017 attack, the City's use of DOT-sourced granite blocks in lieu of concrete barriers when necessary, NYPD's direction of the on-site contractor (Shadow Transport), the City's ownership of the device, and the City's control over placement. Plaintiffs completed their questioning without reserving any rights or identifying topics the witness was unable to address, and they never moved to compel a further corporate representative designation (Broderick, 161 AD3d at 715; Dow, 75 AD2d at 972 [holding that the proper procedure is a motion to compel supported by a record of inadequacy, not an apex notice]).
Plaintiffs' principal rejoinder—that Cardinal Dolan exchanged correspondence with then-Mayor de Blasio and therefore must have participated in "selection, planning, and placement"—does not establish unique factual knowledge of the operational decisions at issue. The record materials show the NYPD identified the location as a high-risk site, selected the device (weight/height sufficiency), and directed the field placement criteria (e.g., 4-foot clear). Expressions of appreciation for public safety measures, or high-level acceptance of City-provided protection, do not transform the Archbishop into an operational decision-maker about the specific dimensions or siting of a particular block on a municipal sidewalk (see Matter of Lange, 170 Misc 2d at 45—47 [entity's senior ecclesiastical leader not subject to deposition where produced officials supplied the relevant operational facts and no "special circumstances" were shown]; Those Certain Underwriters, 41 AD3d at 362 [no entitlement to additional deposition absent non-duplicative, material information]).
Additionally, CPLR § 3103(a) directs the court to tailor discovery to prevent undue burden, expense, and prejudice. Here, Plaintiffs already deposed the City's counterterrorism sergeant (Wingert) and the Cathedral's operations executive (Donohue)—the two witnesses with direct operational knowledge. Plaintiffs identify no gap those witnesses left unfilled that is (i) genuinely material to the pleaded negligence theories and (ii) uniquely held by Cardinal Dolan. In these circumstances, requiring the deposition of a high-ranking religious official would be disproportionate and inconsistent with the case law's caution (see Coffey, 22 AD2d at 319; Jones, 257 AD2d 53; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991] [material-and-necessary standard must be applied sensibly]).
Plaintiffs suggest that, at minimum, the Archdiocese should produce someone "present for" any Cardinal—Mayor discussions. The Moving Defendants represent that Donohue was the liaison communicating with NYPD Counterterrorism and that Monsignor Ritchie's knowledge, if any, is not different in kind from Donohue's and does not touch City decisions. On this record, Plaintiffs have not identified a discrete, non-duplicative topic that was (1) asked of Donohue and left unanswered; (2) material to the claims; and (3) uniquely within another Archdiocese witness's knowledge. Should Plaintiffs later develop a specific, non-speculative basis—grounded in documents or testimony—showing that an additional Archdiocese witness possesses unique, material information unavailable from Donohue or the City, they may move on a proper record (see JMJ Contr. Mgt. v Ingersoll-Rand Co., 100 AD2d 291, 293 [3d Dept 1984][special care to avoid harassment of corporate officials]; Nunez v Chase Manhattan Bank, 71 AD3d 967 [2d Dept 2010]). At present, however, the showing is insufficient.
In sum, this court's ruling is not merely a discretionary act of case management but a necessary application of long-established principles of New York discovery law. To compel the deposition of a high-ranking ecclesiastical official in the absence of a concrete, non-duplicative factual need would contravene both the letter and the spirit of CPLR § 3103 and the substantial body of precedent that guards against undue burden and harassment of senior institutional [*4]figures. The court's order thus ensures proportionality, preserves the integrity of the discovery process, and affirms the careful balance between liberal disclosure and the protection of individuals from unnecessary intrusion. A contrary ruling would open the door to depositions driven by speculation rather than necessity, a result inconsistent with the Appellate Division, First Department's consistent insistence on restraint where the record already furnishes ample factual clarity through available witnesses.
Because the motion squarely challenges the propriety of the noticed deposition, CPLR § 3103(b) stays that discovery pending determination. The stay is continued to the extent set forth below.
Accordingly, it is
ORDERED that the Moving Defendants' motion for a protective order is granted; and it is further
ORDERED that Plaintiffs' notice of deposition directed to Timothy Cardinal Dolan, Archbishop of New York, is stricken; and it is further
ORDERED that, pursuant to CPLR § 3103(b), any deposition of Cardinal Dolan in this action is stayed and shall not proceed; and it is further
ORDERED that this ruling is without prejudice to a properly supported motion by Plaintiffs for additional entity discovery upon a concrete evidentiary showing that (i) the prior witness(es) were inadequate on identified, material topics despite diligent examination, and (ii) the specific, proposed witness possesses unique, non-duplicative information that is material and necessary to the claims; and it is further
ORDERED that the parties may still, if they wish, meet and confer in good faith to consider reasonable and proportional alternatives—such as a narrowly tailored list of topics to be addressed by an appropriate representative, or stipulations regarding facts that are not in dispute—so long as any such alternatives are consistent with this decision and order.
This constitutes the decision and order of the court.
DATE 11/6/2025
HASA A. KINGO, J.S.C.