MICHAEL L. WOODS, Appellant, v MICHAEL ALEXANDER, Defendant, and CITY OF BUFFALO et al., Respondents. (Appeal No. 1.) [700 NYS2d 343] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured at a Sabres Hockey game when he was assaulted by defendant Michael Alexander, another patron. In addition to suing Alexander, he also sued the City of Buffalo, Niagara Frontier Hockey, L.P., doing business as Buffalo Sabres, Niagara Frontier Hockey Management Corporation, R.J.D. Security, Inc. (RJD) and New York Sportservice, Inc. (defendants), contending, *inter alia*, that defendants were negligent in selling alcohol to Alexander and in failing to provide adequate security for the protection and control of patrons. Plaintiff served demands for discovery seeking information regarding prior criminal, violent and "rowdy" behavior by patrons. Plaintiff also sought to depose an RJD representative with respect to such prior conduct by patrons. Defendants refused to comply with plaintiff's discovery demands, and Supreme Court denied plaintiff's motions to compel responses to them.

It is well established that a landlord is " 'under a duty to take reasonable security measures to [prevent] the intentional criminal acts of others if he knows or should know that common areas upon his premises have been the scene of recurrent criminal activity' " (*Rodgers v 673 First Ave. Assocs.*, 157 AD2d 615, 615-616, quoting *Gill v New York City Hous. Auth.*, 130 AD2d 256, 262; see also, Jacqueline S. v City of New York, 81 NY2d 288, 294, *rearg denied* 82 NY2d 749; *Maldonado v 69-70 Assocs.*, 225 AD2d 1107). The status of the person injured is not determinative of the duty of care owed by the owner of the premises (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519, n 6, citing *Basso v Miller*, 40 NY2d 233). The duty of care is premised on the foreseeability of the criminal act (*see, Jacqueline S. v City of New York, supra,* at 294-295; *Nallan v Helmsley-Spear, Inc., supra,* at 519-520). Information about the existence of prior criminal activity is material to the question of foreseeability (*Maldonado v 69-70 Assocs., supra,* at 1107).

Thus, the information sought by plaintiff should have been disclosed insofar as it applied to prior criminal or assaultive behavior. The questions were unduly burdensome, however, in seeking any and all correspondence between defendants and other agencies (question 5). The questions were also unduly burdensome insofar as they applied to "rowdy" behavior.

Where, as here, the majority of the questions are proper, the better practice is to prune the requests rather than vacate the demands and interrogatories in their entirety (*cf., Lerner v 300 W. 17th St. Hous. Dev. Fund Corp.*, 232 AD2d 249). Further, because there is no priority in the use of disclosure devices, plaintiff should not be precluded from requesting documents prior to depositions (*see, JMJ Contract Mgt. v Ingersoll-Rand Co.*, 100 AD2d 291, 293).

We modify the order in appeal No. 1 by granting plaintiff's motion in part and directing defendants to answer questions 6, 8 and 9 insofar as they relate to prior crimes, assaults and violent behavior and further directing defendants, with the exception of question 5, otherwise to comply with plaintiff's discovery demands. We reverse the order in appeal No. 2 and grant plaintiff's motion. (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Discovery.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.