■ MICHAEL L. WOODS, Appellant-Respondent, v MICHAEL ALEXANDER et al., Defendants, and R.J.D. SECURITY, INC., Respondent-Appellant. [705 NYS2d 768] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff was injured at a Sabres hockey game at the Memorial Auditorium (Auditorium) in Buffalo when he was assaulted by defendant Michael Alexander. Plaintiff brought suit against, *inter alia,* Alexander, the owner of the Auditorium, the lessor,

and the security provider, defendant R.J.D. Security, Inc. (RJD). Plaintiff filed a motion to compel when RJD refused to answer plaintiff's first demand for discovery and inspection. While the order denying that motion and vacating the notice of demand was on appeal to this Court (*Woods v Alexander* [appeal No. 1], 267 AD2d 1060), plaintiff filed a second demand for discovery and inspection. RJD failed to respond to most of those requests, and plaintiff moved to compel RJD to respond to the demands. RJD cross-moved to vacate the demands. Supreme Court ordered RJD to provide plaintiff with the activity logs and schedules or log sheets for hockey games occurring within the year before the assault, but denied all other requests. Plaintiff appeals and RJD cross-appeals.

As we noted in *Woods v Alexander* (*supra*), the duty of care owed by the owner of premises is based on the foreseeability of the criminal act (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 294-295, *rearg denied* 82 NY2d 749; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519-520). Information about the existence of prior criminal activity is material to a determination of foreseeability (*see, Maldonado v 69-70 Assocs.*, 225 AD2d 1107). The information sought by plaintiff in the second demand for discovery was proper insofar as it related to prior criminal or assaultive behavior. Because most of the demands were proper, the court did not abuse its discretion by pruning the demand rather than vacating it (*cf., Lerner v 300 W. 17th St. Hous. Dev. Fund Corp.*, 232 AD2d 249; *Rush v Insogna*, 119 AD2d 879, 880).

We modify the order by granting those parts of plaintiff's motion seeking to compel RJD to respond to questions 2, 3, 20, 22 and 23 in their entirety and questions 5, 6, 13, 14, 15, 17, 18, 24, 25 and 26 insofar as they relate to prior crimes, assaults, violent behavior and beverage throwing. (Appeals from Order of Supreme Court, Erie County, LaMendola, J.— Discovery.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.