OPINION OF THE COURT
Memorandum.
Appeal from so much of the order as directed plaintiff to respond to defendant’s supplemental demand for discovery and inspection, which defendant was to rephrase and serve upon plaintiff, dismissed as plaintiff is not aggrieved thereby.
Order, insofar as appealed from and reviewed, affirmed with $10 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant’s answer was accompanied by a notice to take deposition upon oral examination. After plaintiff served a notice of trial and certificate of readiness, defendant’s newly substituted counsel moved to vacate same, asserting that, contrary to plaintiffs representation, discovery was not complete. Defendant also sought to compel plaintiff to provide the documents demanded in defendant’s supplemental demand for discovery and inspection which successor counsel served after the notice of trial and certificate of readiness had been served. Plaintiff cross-moved for an order sanctioning defendant and defendant’s successor counsel.
The court granted the branch of defendant’s motion seeking to vacate the notice of trial and certificate of readiness. Although plaintiff contends that defendant’s motion to vacate the notice of trial and certificate of readiness was untimely (see Uniform Rules of NY City Civ Ct [22 NYCRR] § 208.17 [c]), the record does not support such a conclusion. While plaintiffs appellate brief asserts that its notice of trial and certificate of readiness was served on September 6, 2007, the record does not contain an affidavit of service so stating. Rather, at most, the record shows that on September 10, 2007 defendant’s counsel *47 received the notice of trial and certificate of readiness. As a result, since defendant’s motion to vacate the notice of trial and certificate of readiness was served on October 1, 2007, it was timely (see General Construction Law § 25-a; Uniform Rules of NY City Civ Ct [22 NYCRR] § 208.17 [c]). A timely motion to vacate a notice of trial should be granted where it is based upon a certificate of readiness which contains the erroneous statement that discovery was completed or waived (see Savino v Lewittes, 160 AD2d 176 [1990]; Hillside Neurology Care P.C. v Travelers Ins. Co., 11 Misc 3d 127[A], 2006 NY Slip Op 50234[U] [App Term, 1st Dept 2006]). Since it is undisputed that plaintiff never appeared for the deposition despite being served with a notice to take deposition upon oral examination, the court properly vacated plaintiffs notice of trial and certificate of readiness (see Ava Acupuncture, P.C. v NY Cent. Mut. Ins. Co., 14 Misc 3d 141[A], 2007 NY Slip Op 50356[U] [App Term, 2d & 11th Jud Dists 2007]).
In disposing of the branch of defendant’s motion seeking to compel plaintiff to respond to its supplemental demand for discovery and inspection, the court afforded defendant an opportunity to “rephrase[ ],” in some unspecified manner, its supplemental demand for discovery and inspection and “ serve [ ]” same upon plaintiff. Inasmuch as no issue is raised with respect to this part of the order, we do not pass upon it and leave it undisturbed. Accordingly, plaintiff is not aggrieved by the portion of the order which required it to respond to said demand (see CPLR 5511; see also CPLR 3122 [a]). Further, since the contents of defendant’s forthcoming “rephrased” supplemental demand for discovery and inspection are not part of the record on this appeal, we cannot pass upon the propriety of said demand.
The court did not err in ordering plaintiff to appear for a deposition upon oral examination despite defendant’s service of a demand for discovery and inspection and a supplemental demand for discovery and inspection. Defendant is entitled to conduct such a deposition notwithstanding the fact that defendant also served demands for discovery and inspection of documents (see CPLR 3102; Woods v Alexander, 267 AD2d 1060, 1061 [1999]; Iseman v Delmar Med.-Dental Bldg., 113 AD2d 276 [1985]; JMJ Contract Mgt. v Ingersoll-Rand Co., 100 AD2d 291, 293 [1984]).
Although plaintiff contends that the court erred in denying the cross motion for an order sanctioning defendant and *48 defendant’s counsel, in our opinion, the court providently exercised its discretion. We remind plaintiff’s counsel that “[frivolous conduct shall include the making of a frivolous motion for costs and sanctions” (Rules of Chief Administrator of Cts [22 NYCRR] § 130-1.1 [c]). We further caution plaintiffs counsel to refrain from including invective and ad hominem attacks in his papers.
Plaintiffs remaining contentions lack merit.
Pesce, EJ., Rios and Steinhabdt, JJ., concur.