Miriam Kanter, M.D., P.C., Doing Business as AVENUE MEDICAL, as Assignee of JASMATTIE PASRAM, Respondent,
against
Mercury Casualty Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 2, 2013. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint or, in the alternative, to compel plaintiff to appear for an examination before trial.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking to compel plaintiff to appear for an examination before trial is granted and the examination shall be held within 60 days of the date of this decision and order, at such time and place to be specified in a written notice by defendant of not less than 10 days, or at such other time and place as the parties may agree upon; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity or, in the alternative, to compel plaintiff to appear for an examination before trial (EBT). Plaintiff cross-moved for summary judgment. The Civil Court denied both motions, but, in effect, limited the issues for trial, pursuant to CPLR 3212 (g), to defendant's defense of lack of medical necessity. As limited by its brief, defendant appeals from so much of the order as denied its motion.
Contrary to defendant's contention, the conflicting medical expert opinions proffered by the parties were sufficient to demonstrate the existence of a triable issue of fact as to whether there was a lack of medical necessity for the services at issue. Consequently, the branch of defendant's motion seeking summary judgment dismissing the complaint was properly denied (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
The branch of defendant's motion seeking, in the alternative, to compel plaintiff to appear for an EBT should have been granted (see CPLR 3101 [a]). As defendant is defending this action on the ground that the services rendered lacked medical necessity, and defendant's moving papers established that defendant had served plaintiff with a notice for an EBT, such an examination is material and necessary to defendant's defense (see also Great Wall Acupuncture, P.C. v General Assur. Co., 21 Misc 3d 45, 47 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking to compel plaintiff to appear for an examination before trial is granted and the examination shall be held within 60 days of the date of this decision and order, at such time and place to be specified in a written notice by defendant of not less than 10 days, or at such other time and place as the parties may agree upon.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 06, 2016