Bay Plaza Chiropractic, P.C., as Assignee of Lakesha Robinson, Respondent, 
against
Auto One Insurance Company, Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Lewin & Baglio, LLP (Brendan Kearns of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered December 14, 2015. The order, insofar as appealed from, denied the branches of defendant's motion seeking summary judgment dismissing the complaint or, in the alternative, to compel plaintiff to appear for an examination before trial.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking to compel plaintiff to appear for an examination before trial is granted, and the examination shall be held within 60 days of the date of this decision and order, at such time and place to be specified in a written notice by defendant of not less than 10 days, or at such other time and place as the parties may agree upon; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied the branches of defendant's motion seeking summary judgment dismissing the complaint or, in the alternative, to compel plaintiff to appear for an examination before trial (EBT).
Upon a review of the record, we agree with the Civil Court's determination that there is a triable issue of fact regarding the medical necessity of the services at issue (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Consequently, defendant was not entitled to summary judgment dismissing the complaint. However, as defendant's moving papers established that [*2]defendant had served plaintiff with a notice for an EBT, which examination was material and necessary to defendant's lack of medical necessity defense (see Great Wall Acupuncture, P.C. v General Assur. Co., 21 Misc 3d 45, 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2008]), the branch of defendant's motion seeking to compel plaintiff to appear for an EBT should have been granted (see CPLR 3101 [a]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking to compel plaintiff to appear for an examination before trial is granted.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 06, 2018